THE MERCHANTS' DESPATCH TRANSPORTATION COMPANY

*v.*

FREDERICK W. JŒSTING *et al.*

1. BILL OF EXCEPTIONS—*necessary to preserve motion to remove cause to Federal courts.* A party can not assign for error the refusal of the court to transfer a cause to the Federal court, unless the affidavit and bond on which the motion is based are embodied in the bill of exceptions, as well as an exception to the ruling of the court. Such papers do not become a part of the record unless they are so preserved.

2. ADMISSION—*statement of a fact as learned from another.* A party is not bound by a statement, made by himself, based upon the information of the agent of the opposite party, without any actual knowledge of the fact.

3. COMMON CARRIER—*restriction of his liability.* A common carrier can only limit or restrict his liability by agreement, and when the carrier gives a receipt for goods to be shipped, containing a restriction of his liability, it must appear that the shipper was aware of such restriction, otherwise there is no presumption of his assent thereto.

4. To make such a restriction binding on the shipper, he must expressly agree to it, or he must accept the receipt under such circumstances as clearly show his assent to the restriction. The receiving of the receipt does not prove assent, but if the party reads the receipt and makes no objection, his assent may be inferred.

5. The fact that the merchants of whom goods were purchased knew of such limitation of liability in the receipt given when they shipped the goods, is not sufficient to lessen the common law liability, without proof of authority from the owner to make such contract with the carrier. In the absence of evidence, it will be presumed that the persons shipping had only authority to ship them with all the liabilities of the carrier attaching, without exceptions of any description.

6. PRACTICE—*evidence must be objected to.* The admission of improper evidence on a trial can not be urged as error when the record fails to show it was objected to at the time it was offered.

7. SAME—*presumption on trial by court.* On a trial by the court without a jury, this court will not presume that the admission of improper evidence misled the court below, but it will be presumed the court did not consider any immaterial or improper evidence in reaching a decision, especially when there is proper evidence to justify the judgment.

APPEAL from the City Court of the City of Alton; the Hon. HENRY S. BAKER, Judge, presiding.

Mr. J. H. YAGER, for the appellant.

Mr. CHARLES P. WISE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action, brought by appellees, on a bill of lading given for the transportation of goods, against appellants. The declaration counts for the non-delivery of the goods contrary to the terms of the bill of lading. Defendants appeared in court and asked time to plead, which was granted. But instead of pleading, a petition and bond were filed, under the act of Congress, for the transfer of the case to the Circuit Court of the United States for the Southern District of Illinois. No plea being filed, a default was taken, a writ of inquiry was executed, and a judgment rendered in favor of plaintiffs.

Subsequently, the defendants entered a motion to set aside the default, and have the case transferred to the United States Circuit Court. The court held the petition and bond insufficient, but set aside the default, and refused to transfer the case. Thereupon defendants filed pleas, and the case was tried, resulting in a judgment in favor of plaintiffs, and defendants appeal.

It is assigned for error that the court below refused, upon the petition and bond filed, to transfer the case to the Federal court, under the act of Congress. To this, it is only necessary to say that the affidavit and bond are not embodied in a

bill of exceptions, nor was any exception to the decision of the court, refusing the motion, thus preserved. According to the long established practice of the court, such papers do not become a part of the record unless thus preserved. In the case of *The Hartford Fire Ins. Co.* v. *Vanduzor*, 49 Ill. 489, it was decided that we would not review the decision of the court below unless the question was presented by bill of exceptions. That was a motion, like this, to remove the case to the United States Circuit Court. That case is decisive of this question.

The bill of lading contains a provision that danger of navigation, collisions and fire, etc., were excepted from their undertaking to safely deliver the goods at Alton.

It is claimed the goods were, whilst being transported, destroyed by the fire of October, 1871, in Chicago. We have examined the evidence, and fail to find that fact was proved. Appellees, it appears, spoke of the goods having been so destroyed, but they testify they had no knowledge on the subject but such as they derived from the agent of appellants, and they surely can not be bound by statements based on such information. They could only have intended, by the statement, to say they had so learned from appellants' agent and not to assert it as a fact.

Even if appellants could limit their liability as a common carrier, which is equal to that of an insurer as to loss by fire, still it could only be done by agreement, and it has been repeatedly held by this court that, where a common carrier gives a receipt to transport goods, containing a restriction of his liability, it must appear the shipper was aware of the restriction. Otherwise there can be no presumption that he assented to the limitation. To render such a restriction binding on the shipper, he must expressly agree to it, or he must accept the receipt under such circumstances as clearly show his assent to the restriction. The merely receiving of the receipt does not prove assent. If, on the contrary, he reads the receipt in fact, and makes no objection, then assent may be inferred. But the

assent in fact must be shown—and clearly shown. It is not to be inferred from any but satisfactory evidence.

In this case appellees did not see the shipping receipt, and were not aware that it contained the exception until after the goods passed to appellants. But it is said the merchants of whom the goods were purchased knew of the exceptions when they shipped them. Concede this to be true, and there is no evidence that appellees ever authorized them to make a contract limiting the carrier's liability. In the absence of evidence, the presumption would be that they had only authority to ship them with all the liabilities of the common carrier attaching, without exceptions of any description. So it is seen that appellant has failed to show that appellees ever expressly or by implication assented to the exemption from liability by loss from fire.

It is objected that the court below admitted improper evidence on the trial. It is a complete answer to say it was not objected to at the time. If it were not, still there is an abundance of evidence outside of that to which objection is made, to warrant if not require the finding, and if the evidence was improper, we will not presume that it misled the court. We will not presume the court, when trying a case, ever considers immaterial or improper evidence in reaching a decision.

The evidence fully sustains the finding, and, perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*