## GEORGE LECHLEITER
### v.
### LOUIS BROEHL.

1.  PRACTICE—OBJECTION TO EVIDENCE.—Where evidence was admitted without objection, it was not error in the court to refuse to grant a new trial on the ground that such evidence was improperly admitted.

2.  PRACTICE.—Affidavits of jurors will not be heard to impeach their verdict on a motion for a new trial.

APPEAL from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding. Opinion filed December 4, 1885.

Mr. E. LYNCH, for appellant.

Messrs. BLINN & HOBLIT, for appellee.

WALL, P. J. This was a proceeding by distraint for rent. Trial by jury, verdict for defendant, motion for new trial denied and judgment against plaintiff for cost. Error is assigned upon the refusal of the court to grant a new trial and it is urged that the verdict was based upon incompetent evidence offered by defendant. This evidence was as to an agreement by plaintiff when the lease was made, and afterward, to tile the land and to improve and repair the house, and it is said such testimony was improper to go to the jury because its effect was to alter the terms of the written contract.

The lease which was quite informal and brief was silent upon this point, and while some of the proof referred to an agreement, contemporaneous with the written instrument, much of it related to a subsequent agreement for the second year.

We are of opinion that most, if not all, of the evidence in question was admissible, on familiar principles, but whether so or not the objection can not now be considered.

The plaintiff not only did not object to this evidence on the trial but introduced evidence on his behalf in rebuttal of it.

No instructions were asked. If the jury believed the testimony of defendant they were justified in finding that his damages, for the non-performance of the plaintiff's agreement, were equal to the rent in arrear. The court committed no error in refusing to grant a new trial on this ground, the evidence not being objected to when offered. Snyder v. La Framboise, Bre. 268; Merchants, e c., Co. v. Joesting, 89 Ill. 152; Deitrich v. Waldron, 90 Ill. 115.

In support of the motion for new trial the affidavit of three of the jurors was read to impeach the verdict, for which purpose it was incompetent and was properly disregarded. Bertholf v. Quinlan, 68 Ill. 297.

No error appearing in the record the judgment of the circuit court will be affirmed.

Affirmed.