## Dorsey v. Williams.

1. *Owners of Animals Engaged in a Common Undertaking, the Design of Which is to Obtain an Award.*—Where the owners of animals are engaged in a common undertaking, the design of which is to secure a sum of money offered for a display of all the animals together, they will not be classed as strangers in the execution of the enterprise; privity with each other, and a direct promise to pay is not necessary to enable one to recover from another money received by him as his share of the premium money.

Dorsey v. Williams.

2. *Transfers of Property between Husband and Wife.*—Transfers of personal property between husband and wife are valid under the statute, though not in writing, except as against the rights and interests of third persons.

3. *Trial by the Court—Presumptions.*—When a cause is tried by the court the presumption is that only proper evidence was considered, and in such case the admission of improper evidence will not warrant a reversal if there is sufficient evidence to support the judgment.

Memorandum.—Action of assumpsit for money had and received. Appeal from a judgment in favor of the plaintiff for $108 rendered by the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

The opinion of the court states the facts.

## APPELLANT'S BRIEF.

The statute provides that no transfer of property between husband and wife shall be valid as against the rights and interest of any third party, unless such transfer or conveyance be in writing, acknowledged and recorded, etc. Revised Statutes, Chap. 68, Sec. 9.

"A party to a contract is not liable thereon to third persons not party thereto, and between whom and himself there is no privity of contract." Rossman v. Townsend, 17 Wis. 98.

"Implied undertaking can not arise as against one benefited by work performed when such work was done under a special contract with other persons." Walker v. Brown et al., 28 Ill. 378; Massachusetts Gen. Hospital v. Fairbanks, 129 Mass. 78.

In America, as well as in England, there has been no little fluctuation concerning the right of a stranger to enforce a promise made for his benefit. But it has been held that a promise made by one person to another for the benefit of a third person, who is a stranger to the consideration and promise, will not support an action as to the latter. Story on Contracts, 485; Exchange Bank v. Rice, 107 Mass. 37; Boston Ice Company v. Potter, 123 Mass. 28; Carpen v. Hall et al., 29 Ill. 512.

A. N. YANCEY, attorney for appellant.

APPELLEE'S BRIEF.

The action for money had and received may be maintained wherever the defendant has obtained money of the plaintiff, which in equity and good conscience he has no right to retain. * * * * * When money has been thus received the law implies a promise to pay, notwithstanding there was no privity between the parties. Buckner v. Patterson, Litt. Sel. Ca. 234; Taylor v. Taylor et al., 20 Ill. 650.

R. B. SHIRLEY, attorney for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

A premium of $500 was awarded by the St. Louis Fair Association for the exhibition of a stallion and five of his colts. The successful stallion belonged to Capt. A. Hulse; the colts, one to the appellee, two to the appellant, one to a Mr. Rigsby, and the other to a Mr. Cundall. By consent of the owners, these animals were exhibited together, being, while at the fair, in charge of the appellant, who defrayed the expenses of all of them. The colt of appellee was accompanied by its dam, and while at the fair the appellant, without the knowledge of the appellee, entered the dam as a competitor in the "light roadster" ring and obtained the sum of $50, awarded as premium upon the mare. The appellee claimed that the appellant received a one-sixth part of the $500 belonging to her as the owner of one of the colts, and brought this, an action upon the common money counts, in assumpsit, to recover such one-sixth portion and also the premium of $50 awarded for the exhibition of the mare in "roadster ring." A trial before the court, without a jury, resulted in a judgment in favor of the appellee for the amount claimed, less $25 allowed the appellant for the expenses, his compensation, etc. This is an appeal from that judgment. As to the $50 premium received by the appellant upon the mare, no defense whatever appears, nor is any seriously urged. The appellee sought to show that by agreement between her husband, as her agent, and Capt.

Hulse, the owners of the animals exhibited together were to pay the expenses and share equally the premium, if a premium was obtained. It may be conceded, however, that the evidence does not sufficiently connect the appellant with this arrangement to bind him. The appellant sought to prove that Capt. Hulse was the agent of the appellee, and in that capacity contracted with him to take appellee's colt with the others to the fair at his (appellant's) expense, the premium, if any, to belong to the appellant.

The proof, however, fails to show that Capt. Hulse had authority to make such contract for the appellee. The rights of the parties can not, therefore, be made to depend upon either of these alleged agreements. It appears, however, that the premium awarded the stallion and colts was paid to Capt. Hulse, who disposed of it, to quote his testimony, as follows: "I divided it into six pieces. I took out the amount for my horse and then said to Dorsey (the appellant), there is six—you have charge of three. Here is your three—the Williams colt and your two colts is three. Here is $250 and here is Rigsby's money, take that to him, and Cundall's I will take to him." Hulse thereupon paid the appellant, Rigsby, one-sixth and $250, being the amount for the two colts of his own and the colt of the appellee. One-third of this $250, in the absence of any agreement to the contrary, was the money of the appellee, and which, *ex æquo et bono*, the appellant ought not to retain. We have seen that no agreement giving the appellant this money was proven.

No reason is perceived why the appellee should not recover it, for which purpose assumpsit for money had and received is the appropriate remedy. Taylor v. Taylor, 20 Ill. 650.

As the owners of these animals were engaged in a common undertaking, the design of which was to secure a sum of money, offered for the display of all the animals together, they are not to be classed as strangers in the execution or completion of the enterprise. They were in privity with each other, and a direct promise to pay would not be neces-

sary to enable either to recover from another money received by the latter as the share of the former in the premium money.

Appellee became the owner of the mare and colt by transfer from her husband, not in writing and recorded, as required by Sec. 9, Chap. 68 of the Revised Statutes, for which reason appellant contends that appellee has no right of recovery.

Transfers of personal property between husband and wife are valid under the statute, though not in writing, except as against the "rights and interests of third persons."

The appellant has and had no right or interest in the property to be affected by the transfer, and as to him the statute has no application.

It is strenuously insisted that the court received incompetent testimony, and a reversal is asked for that reason. Without conceding that this criticism upon this action of the court is correct, it is sufficient to say, we think there is abundant evidence in the record to support the finding and judgment of the court, if all that is objected to as improper be rejected, and no doubt this was the view of the trial judge.

When a cause is tried by the court the presumption is that only proper evidence was considered, and, in such case, the admission of improper evidence does not warrant a reversal if there is enough beyond that to support the judgment. Mer. Des. Trans. Co. v. Joesting et al., 89 Ill. 152.

Finding no error, the judgment is affirmed.