Ellison v. Chicago Title & Trust Co.

---

## Rodman B. Ellison et al. v. Chicago Title & Trust Co., Assignee, et al.

1. PRESUMPTIONS—*Admission of Evidence—Trials by the Court.*—In trials by the court where there is sufficient competent evidence to sustain the finding, the presumption is that all incompetent evidence improperly admitted was excluded from the consideration of the court in finding upon the issues.

**Voluntary Assignments.**—Proceeding in the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Hearing and petition dismissed. Appeal by petitioners. Heard in this court at the October term, 1898. Affirmed. Opinion filed March 16, 1899.

The Straw & McCoy Company, an Illinois corporation, had a capital stock of $20,000, divided into 200 shares of par

value of $100 each. Mrs. Amelia E. Straw owned 197 shares; Mrs. McCoy, her daughter, owned one share; Mr. McCoy owned one share, and Mr. Straw owned one share.

The corporation was involved through indebtedness to one Mason. The dealings of the corporation with Mason have been considered by this court in Mason v. Chicago Title & Trust Co., 77 Ill. App. 19.

Upon the 27th of September, 1897, the corporation made a voluntary assignment for the benefit of its creditors. Upon the same day two judgments were entered by confession in favor of Mrs. Straw, who was president and a director of the company. The notes and warrants of attorney were executed upon the day of the making of the assignment and the entering of the judgments. One of these judgments was for the amount of $15,100, and the other for $3,200.

The $15,100 judgment is the subject of controversy in this cause.

Ellison & Sons, appellants, are creditors of the Straw & McCoy Company. Mr. Lane, their agent, reached Chicago two days after the entry of the judgment in question, and learned then, for the first time, that such judgment had been entered. He then entered into negotiations with Mrs. Straw to procure from her an assignment of the judgment to appellants, and it is now claimed by appellants that what amounted to an equitable assignment of the judgment was accomplished. It is also claimed by them that the judgment was in reality entered for the use and benefit of appellants, although in the name of Mrs. Straw. To enforce such claims appellants filed their petition in the County Court to obtain the benefit of the $15,100 judgment and all the lien thereof, to apply upon their claim as creditors, which has been allowed by the County Court to the amount of $15,255.

The appellees, Chicago Title & Trust Company, assignee, and Henry W. Mason, creditor, answered the petition, contending that Ellison & Sons did not own the judgment, which was entered in favor of Mrs. Straw, and that it was not entered for the use and benefit of Ellison & Sons; that

the petition did not describe any specific goods and chattels to which the alleged lien of the execution might have attached; that the execution had expired before the petitioners acquired any standing in the County Court; that no order was ever entered preserving the alleged lien of petitioners; that the plaintiff in the execution denied that she was acting as trustee for Ellison & Sons, and, by way of further defense, alleged that the judgment debtor, the Straw & McCoy Company, made a voluntary assignment for the benefit of its creditors under the statute, the same day that the judgment note was executed, upon which the judgment mentioned in the petition was confessed; that the corporation was insolvent at the time the judgment notes were executed, and that it determined at the same time to make a voluntary assignment, and that the entry of the judgment and the making of the voluntary assignment were one and the same transaction, and were designed for the purpose of hindering and delaying Mason and other creditors; that the judgment was fraudulent and void as to the general creditors of the Straw & McCoy Company, and was without any *bona fide* consideration, and was for the purpose of creating an unlawful and illegal preference in favor of one of the directors of the insolvent corporation.

Amelia E. Straw, the judgment plaintiff, appeared and answered the petition, denying that the judgment was entered for the use or benefit of Ellison & Sons, and denying that Ellison had any right to the same, and claimed that she was entitled to the benefit of the judgment.

The County Court found that Amelia E. Straw and other officers and directors of the Straw & McCoy Company had guaranteed the Ellison indebtedness and had given certain insurance policies and other property as collateral security to said indebtedness; that the confession of judgment described in the petition, and the delivery of the execution to the sheriff was done by the corporation in contemplation of and after the insolvent had decided, determined and planned the making of a voluntary assignment for the benefit of its creditors, and that the confession and judgment

and the delivery of the execution, and delivery, filing and recording of the deed of assignment were one and the same act, and that the confession of judgment was a fraudulent, illegal and void preference under the statute; that Amelia E. Straw had no valid claim against the Straw & McCoy Company, and that the execution was never a lien on the goods and chattels of the Straw & McCoy Company; that the judgment was confessed for the benefit of Amelia E. Straw, and was therefore void as a preference to one of the directors of said insolvent over its other creditors at a time when said corporation was in fact insolvent.

Upon hearing, the petition of appellants was dismissed. This appeal is prosecuted from the order dismissing the petition.

C. M. MacLaren and W. H. Utt, attorneys for appellants.

The execution became a lien upon the stock of goods and fixtures at 4:17 p. m., September 27, 1897, and before the assignment was executed or filed. Rev. Stat., Ch. 77, Sec. 9; Kiehn v. Bestor, 30 Ill. App. 458; Blatchford v. Boyden, 122 Ill. 657; Leach v. Pine, 41 Ill. 65; Hanchett v. Ives, 133 Ill. 332.

The lien continued though levy was not made within the short time between placing the execution in the sheriff's hands and taking possession of the assignee and then never was made. Kiehn v. Bestor, 30 Ill. App. 458; Marder, Luse & Co. v. Filkins, 51 Ill. App. 587; Field v. Ridgley, 116 Ill. 424; Yates v. Dodge, 123 Ill. 50; Hanford v. Prouty, 133. Ill. 339.

The execution remained a lien upon the property for. ninety days after the date thereof, though levy was not made by reason of the property coming into the hands of the assignee. Cases cited above; Rev. Stat., Ch. 77, Sec. 8; Launtz v. Gross, 16 Ill. App. 329; Freeman on Executions, 202.

The lien continued after the return day of the levy, though the claim was not proven until after the return day had passed. Kiehn v. Bestor, 30 Ill. App. 458; Corbin v. Pearce, 81 Ill. 461.

It attached to the proceeds of sale in the hands of the assignee. Field v. Ridgley, 116 Ill. 424; Hoover & Co. v. Burdette, 153 Ill. 672; Richelieu Hotel Co. v. Miller, 50 Ill. App. 390; In re Knapp (Iowa), 70 N. W. Rep. 626.

The execution is not returned until actual deposit in the office of the clerk of the court from which it issued. The writ in this case was returned to the office on the 28th of December. Nelson v. Cook, 19 Ill. 440.

It was returnable in ninety days. To make the computation, exclude the day of date, and it would fall returnable on Sunday, December 26th. Under the statute the time would extend to the 27th at midnight. R. S. Ill.; Alderson on Judiciary Writs and Process, Sec. 99; Nelson v. Cook, 19 Ill. 440.

The assignee took the property subject to all liens. Kiehn v. Bestor, 30 Ill. App. 458; Marder, Luse & Co. v. Filkins, 51 Ill. App. 587; Field v. Ridgley, 116 Ill. 424; Schwartz v. Messinger, 167 Ill. 474; Davis v. Chicago Dock Co., 129 Ill. 180.

An insolvent corporation has the right, in the absence of a fraudulent intent, to make preferences among creditors, and this it may do voluntarily and without the creditor's knowledge or insistence, and to the extent of preferring relatives of the directors or of securing creditors who have the guarantee of directors and officers. Blair v. Ill. Steel Co., 159 Ill. 350; Union Nat. Bank v. State Nat. Bank, 168 Ill. 256; Schwartz v. Messinger, 167 Ill. 474; Henderson v. Ind. Trust Co., 143 Ind. 561.

The trustee or person to whom the instrument creating the preference is made may be an officer or an employe of the corporation. Blair v. Ill. Steel Co., 159 Ill. 350.

A creditor who holds collaterals may be preferred to the full amount of his claim unpaid at the time of making the preference regardless of the value of the collateral. Levy v. Chicago Nat. Bank, 158 Ill. 88; Eugene Bates, Assignee, 118 Ill. 524; Com. Nat. Bank v. First Nat. Bank, 53 Ill. App. 358.

All of the stockholders and all of the stock being repre-

sented at the meeting on the morning of September 27th, when the resolution was passed to confess the judgment and thus prefer creditors, in legal effect, places preference in exactly the same position as if made by individuals. The fiduciary obligations of directors and officers and the rules applicable thereto did not exist. It was in the power of that meeting to prefer a claim in which the president of the company was directly interested. Sanford Tool Co. v. Howe, Brown & Co., 157 U. S. 312; Henderson v. Ind. Trust Co., 143 Ind. 561.

It is not the proximity as to time the preference was given and the assignment made that renders the preference void, but it is the intent of the parties. If, when the preference was made there was no intent to make an assignment, the preference is good. Union Nat'l Bank v. State Nat'l Bank, 168 Ill. 264; Blair v. Ill. Steel Co., 159 Ill. 350; Kiehn .v. Bestor, 30 Ill. App. 458; Gage & Co. v. Parry, Assignee, 69 Ia. 605; Caldwell's Bank v. Crittenden, 66 Ia. 237; Clement, B. & Co. v. Johnson & Maring, 85 Ia. 566; Roberts, Butter & Co. v. Press, 97 Ia. 477; Farwell v. Maxwell, 34 Fed. Rep. 727; In re Assignment of Mahon, 91 Ia. 122.

The burden is upon the assignee and Mason to prove fraud or intent to make an assignment, and if fraud was attempted the preferred creditors must participate therein. This must be proven by clear and convincing evidence. Hanford v. Prouty, 133 Ill. 339; Union Nat'l Bank v. State Nat'l Bank, 168 Ill. 264.

WALKER & DAVIS, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

The contention of appellants is that Mrs. Straw, a director and the president of the insolvent corporation, took the note and warrant of attorney in her own name as a trustee for appellants, and for the sole purpose of securing the appellants' claim. The County Court found as fact that Mrs. Straw did not so do, but took the security for her own sole use.

Ellison v. Chicago Title & Trust Co.

It appearing from the resolution of the board of directors and from the note and warrant of attorney that the same were given by the corporation to secure a debt to Mrs. Straw, it is at least doubtful if the declarations of individual directors as to the intent of the corporate act, such declarations having been made after the action of the corporation, could be taken as evidence of an intent different from that expressed by the act itself and by resolution of the board. But in any event, upon a careful examination of all the evidence, we are satisfied that the finding of the County Court as to the fact that the security was given by the corporation to Mrs. Straw for her own sole use and benefit, is fully sustained by a decided preponderance of the evidence.

Mrs. McCoy, daughter of Mrs. Straw, and director and treasurer of the corporation, testified: " I was present at meeting of directors at Lexington Hotel on morning of September 27th.  My father (vice-president and secretary) made a motion in reference to the $15,100 note, and it was agreed that a judgment note should be given.  I did not inquire into the consideration for the $15,100 note.  My father said that he owed Mrs. Straw $15,000, and we voted to give it to her."  The testimony of Mr. McCoy was to like effect.  Mrs. Straw, in her answer to the petition of appellants, denied that the execution of the judgment note was for the benefit of the petitioners, appellants.

That Mrs. Straw had no valid claim under the note and the judgment entered thereon, that she was president and director of the corporation when the notes were given to her, and that she was a debtor to the corporation, and, in effect, that the note was fraudulent and void, has been adjudicated by the order of the County Court, which is final, and has not been appealed from by Mrs. Straw.

Nor is the evidence sufficient to sustain the theory of an assignment of the note and judgment to appellants, if such an assignment could have been of any avail.

There is evidence tending to show that an attempt was made to procure Mrs. Straw to assign the judgment to appellants; but the evidence taken together fully warranted a

finding that no such assignment, either legal or equitable, was ever in fact accomplished.

Complaint is made as to rulings of the court in admission of evidence which was incompetent.

The trial was by the court, without a jury. Without passing upon the competency of the evidence questioned, it is enough to say that the presumption is that any such evidence as was incompetent and improperly admitted was excluded from the consideration of the court in finding upon the issues, there being sufficient competent evidence to sustain the finding. The M. D. T. Co. v. Joesting, 89 Ill. 152; Dorsey v. Williams, 48 Ill. App. 386.

As the foregoing consideration disposes of the case, it is not necessary to discuss other questions raised, the determination of which would not affect the result.

The judgment is affirmed.