## Atchison, Topeka & Santa Fe Ry. Co. v. Anna Bilinsky.

1. COMMON CARRIERS—*Burden upon to Show That Shipper Understood Contents of a Contract Releasing Common Law Liability.*—While a shipper may by contract release a carrier from his common law liability as a transporter of goods, nevertheless the burden of proof is upon the carrier to show that the shipper, in signing a receipt of contract containing such release, understood the contents of the instrument which he signed.

**Trespass on the Case,** for loss of goods during transportation. Appeal from the County Court of Cook County; the Hon. WILLIAM A. WHITESIDE, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 14, 1903.

ROBERT DUNLAP and LEE F. ENGLISH, attorneys for appellant.

JAMES HARVEY HOOPER, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a judgment of the County Court for $250, obtained by appellee as the value of certain household goods alleged to have been lost while in the hands of appellant and being carried from Chicago to Joliet. The husband of appellee went to the station of appellant in Chicago, and from its agent hired a car for the transportation of certain household goods to Joliet. The goods were loaded under the superintendence of Mr. Bilinsky, he signing his own name to a contract releasing appellant from a

liability greater than $5 per hundred pounds in weight of the goods transported. The goods were shipped in the name and as those of appellee. No release or receipt was given to appellant by her or by any one in her name as agent for her. The car arrived at Joliet and the goods were taken therefrom by wagons employed by Mr. Bilinsky. A day or two after the removal of the goods from the car, complaint was made that four dining-room chairs, a leather couch, an arm chair, and certain other things were missing. Under the evidence the verdict of the jury might well have been for appellant, as it is uncertain whether the missing goods were lost while in the care of appellant or in the care of teamsters employed by Mr. or Mrs. Bilinsky. Nevertheless, the evidence is such that, approved as the verdict has been by the trial judge, we do not feel warranted in setting it aside as clearly opposed to the evidence.

While it is true that a shipper may, by contract, release a carrier from his common-law liability as a transporter of goods, nevertheless the burden of proof is upon the carrier to show that the shipper, in signing a receipt or contract containing such release, understood the contents of the instrument which he signed. Merchants' Despatch Transportation Company v. Joesting, 89 Ill. 152–154.

In the present case not only did this not appear, but there was evidence to the contrary. Moreover, the goods, as before stated, were shipped in the name of and as the property of appellee, while the receipt therefor was received by Mr. Bilinsky, and the receipt given by him was signed by his own name and not as agent or acting for Mrs. Bilinsky.

The court properly excluded evidence tending to show a release of liability made by Mr. Bilinsky. The car containing the goods was sealed at Chicago, and appears to have arrived at Joliet with the seal unbroken. At that place the car was opened by appellant's agent and resealed with another seal, of which, it appears, he and another agent of appellant's at Joliet had duplicates.

Appellant's agent at Joliet, who opened and sealed the car, testifies that everything arrived in good order, and the

husband of appellee seems to have so stated. It was not shown upon the trial that the car was not at Joliet opened by the agent of appellant having a seal, the duplicate of that kept by Mr. McGuire, appellant's agent, who testified to opening the car when it arrived at Joliet. It was therefore not shown that the car might not have been a second time opened at Joliet by one of appellant's agents; nor that nothing was removed therefrom during the interval between such second opening, if any there were, and its being again sealed, if it were, and left in the condition it was when Mr. Bilinsky came to remove the goods of appellee.

The judgment of the County Court is affirmed.