## Rogers Grain Company v. Charles E. Shepherd.

1. INCOMPETENT EVIDENCE—*when, will not reverse.* Where a case has been tried by the court without a jury, the admission of incompetent evidence will not reverse where there is in the record sufficient competent and proper evidence to warrant and sustain the finding.

Rogers Grain Co. v. Shepherd.

Action of assumpsit. Appeal from the Circuit Court of DeWitt County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

LEMON & LEMON, for appellant.

JOHN FULLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit brought by appellee against appellant to recover the value of certain corn which he claims to have delivered to appellant. The case was tried by the court without a jury and judgment rendered against appellant for $73. It is stipulated that seventy-three loads of corn were delivered by appellee to appellant and that the same was paid for at the rate of thirty-five cents per bushel. Appellee claimed, however, that he delivered seventy-seven instead of seventy-three loads, and sues to recover the value of the four additional loads. The only grounds urged for reversal are that the court admitted and considered certain incompetent testimony and that the finding and judgment were contrary to the evidence.

The testimony referred to was clearly hearsay and therefore inadmissible, but no objection thereto was interposed at the time of its introduction. We have carefully read and considered the evidence as it appears in the record and are of opinion that there is sufficient competent and proper evidence to warrant and sustain the finding and judgment of the trial court. We will therefore presume that the trial judge did not consider any immaterial or improper evidence in reaching a decision. Transportation Co. v. Joesting, 89 Ill. 152.

The judgment will be affirmed.

*Affirmed.*