**Grossfeld & Roe Company, Plaintiff in Error, v. Anna Gross, trading and sued as Ignatius Gross, Defendant in Error.**

### Gen. No. 15,785.

1. CONTRACTS—*when custom does not affect.* A custom to avail must be shown to be binding upon the party sought to be charged thereby.

2. NEW TRIAL—*when newly discovered evidence does not require.* Newly discovered evidence which could make no difference in the ultimate finding of the court does not require the granting of a new trial.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed November 2, 1911. Rehearing denied November 16, 1911.

GROSSBERG, SHAEFFER & KOMPEL, for plaintiff in error.

WHITMAN & HORNER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

In August or September, 1907, the plaintiff in error, plaintiff below, purchased from the defendant in error, defendant below, two hundred cases of Conserva, a canned tomato paste, at seven cents a pound. The goods were shipped to plaintiff, as nearly as we can discover by the record, about October 1907, received and paid for in full. The plaintiff claimed that the goods were guaranteed to be first-class, but on the receipt of same it was discovered some cans were swollen, known in the trade as "swells"; and shortly after they began selling them to the trade many cans were returned because they contained sand. Mr. Roe, who had charge of the matter on behalf of plaintiff, testified that he notified the defendant "that the goods were no good," and Mr. Gross, who represented the defendant in the transaction, replied that "he will be over there in my place of business and will look them up." There was no record of any kind as to this correspondence and none could be found, and Mr. Gross denied same. In April, 1908, Mr. Gross called upon the plaintiff, for the purpose, as he claimed, of selling more goods, and then learned from Mr. Roe, for the first time, that plaintiff complained of the "swells" in the shipment in question. The two men examined the goods in the presence of Mr. Glacer, the plaintiff's foreman. Mr. Roe testified, in effect, that it was then agreed that the goods, a lot of about 125 cases, were to be returned and the plaintiff given credit therefor. This testimony was corroborated in a measure by Mr. Glacer. Mr. Gross testified no such conversation took place, but it was agreed, in effect, that the imperfect goods, about 15 or 20 cases, be returned and he would. forward other goods in exchange. About a month after this conversation plaintiff returned to the defend-

ant 100 cases. The defendant immediately complained of this action and wrote plaintiff in part as follows: "Upon examination found them to be perfect, but in order to satisfy you we decided to exchange them and shipped you last Saturday by Erie R. R. Co. 100 cases Conserva choice stock in every respect, and hope same will be satisfactory to you." The plaintiff was notified by the railway company of the receipt of the goods and after about a month the plaintiff notified the railway company that it would refuse to accept same. The defendant refused to have goods again returned and claimed they had nothing further to do with them, as they were the plaintiff's. Thereupon the plaintiff brought this suit for $700, the amount paid defendant for 100 cases. The cause was submitted to the court, who found for the defendant, and the plaintiff comes here on writ of error.

In our opinion the determination of the case depends entirely upon the view the court takes of the evidence as to the special contract entered into by Mr. Roe and Mr. Gross in April, 1908. When this Conserva was purchased the market price of Conserva was seven cents per pound. In the disturbed financial period in 1907-1908, the price declined, and in April, 1908, it was three cents per pound. It is obvious that the plaintiff would desire a credit on a return of the goods, and equally certain that the defendant would desire an exchange. The trial court evidently found that the plaintiff failed to prove by a preponderance of the evidence that the special contract entered into by Mr. Roe and Mr. Gross pertaining to the imperfect goods was as claimed by the plaintiff. It seems strange that the plaintiff should return an even 100 cases, for it appears to us that the weight of the evidence is clearly in favor of the defendant that only from 15 to 20, or 25, at the most, cases of Conserva were imperfect. It devolved upon the plaintiff to prove by a preponderance of the evidence the con-

tract whereby they had the right to return the said 100 cases of Conserva and receive credit therefor. The court found against the plaintiff and on the record it is for us a very difficult question; but the trial court having the opportunity to see and hear the witnesses, we are not convinced that we should hold that his finding was clearly and manifestly against the weight of the evidence.

On the exchange shipment of the 100 cases of Conserva the defendant also forwarded, without any order so to do, one box of macaroni, because of which Mr. Roe said he was suspicious and refused to take out anything.

On the oral argument the learned counsel for the plaintiff seemed confident that his client might safely rest its case on the theory that it was not bound to accept the return shipment of 100 cases because it was included with the box of macaroni, which admittedly was not ordered by it. If it be conceded that the abstract proposition of law relied upon by counsel is correct, it is not believed to be applicable to the facts in this case. If the position of plaintiff be correct on the special contract alleged by it, plaintiff was right in refusing to accept any of the goods—the Conserva as well as the macaroni. The court having found against plaintiff on this question of fact, it followed that the goods returned in exchange were bound to be received by plaintiff, if severable from the macaroni, which they were, and provided, of course, same were merchantable.

The attempted proof by the defendant of a custom pertaining to the return of "swells", we do not deem of any importance, because, the evidence failing to show a custom binding on the defendant, the court, it is assumed, gave it no consideration. Merchants Despatch Transportation Co. v. Joesting et al., 89 Ill. 152; Pratt v. Davis, 224 Ill. 300.

On the motion for a new trial the plaintiff presented the affidavit of Mr. Roe in reference to an examina-

tion of the Conserva, made after the trial by a committee on an agreement between the parties. The committee reported none were "swells" and all were merchantable. They also reported that the black Conserva, of which there were 39 cases, was of an inferior quality. Mr. Gross had testified that the goods were to be merchantable and that he had given no guaranty "except as to swells." If the court, as he evidently did, believed said testimony, the newly discovered evidence, including the finding that all the goods were merchantable, could make no difference in the ultimate finding of the court. It may be further said that the affidavit failed to come within the well settled rules pertaining to newly discovered evidence.

The judgment is affirmed.

*Affirmed.*