## Nonotuck Silk Company, Plaintiff in Error, v. Adams Ex= press Company, Defendant in Error.

## Gen. No. 16,147.

1. COMMON CARRIERS—*who not bound by limitations of liability.* A consignee who has not participated in any way in the fraud in connection with obtaining a low rate at the time of shipment and who has not assented to the terms of limitation, is not barred of a recovery where he sues for loss resulting from the negligence of the carrier.

2. COMMON CARRIERS—*when presumption of negligence arises.* If the carrier does not claim that the loss sustained was by fire or other mischance, the presumption obtains that the same was occasioned by the negligence of such carrier.

Error to the Municipal Court of Chicago; the HON. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and judgment entered here. Opinion filed December 22, 1911. Rehearing denied January 9, 1912.

BRODE B. DAVIS, for plaintiff in error.

CHARLES B. ELDER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

This case comes before us for review upon a judgment entered in the Municipal Court, the case having been tried before the court without a jury upon an agreed statement of facts, together with the deposition of a lawyer of the city of New York with respect to the decisions of the courts of New York as to the limitation of liability in a receipt given by a common carrier to a shipper of freight. This deposition is not important, as there is no dispute between the parties, as we understand the record, as to what the law of New York is, the only difference being as to its application in the present case.

From the stipulation filed in the case it would appear that the plaintiff in error purchased goods from

A. D. Juilliard & Co. of the value of $170.97, the order for the goods reciting that they were to be shipped by express, but no particular express company was mentioned. The goods, which were wrapped in a paper covering, were delivered to the defendant in error, one of its driver's having gone to the place of business of Juilliard & Co. for the purpose of receiving them. At the time of the delivery of the goods to the driver, a receipt which had been prepared by Juilliard & Co. upon a form of the Express Company was presented to him for his signature and was signed by him. This receipt was in the usual form, and limited the liability of the Express Company to $50 unless a greater value should be declared. The receipt did not have upon it any words or figures indicating the value placed upon the package by the shipper or consignee other than the stipulated limitation. In it the plaintiff in error was made the consignee.

It is admitted in the record by the stipulation that Juilliard & Co. and its employes had been in the habit of using these forms, and that likewise the plaintiff in error used them in its business in Chicago; also that the members of the firm of Juilliard & Co. and its officers together with the person who had filled out the receipt had read the terms and conditions of the receipt and were familiar with the same; that they knew that the regular rates of the defendant were based upon a valuation of not exceeding $50 in the case of each shipment on which no valuation was declared, and that this rate increased with the increase in value of the goods shipped, when such value exceeded $50. The only portion of the stipulation having reference to the knowledge of the plaintiff is that at and prior to the time of shipment the plaintiff, the Nonotuck Silk Company, had been accustomed to shipping goods by the Adams Express Company, and to filling out receipts, and that the receipts of the defendant were and are of the same form and contain the same printed provisions

as the one offered in evidence in the case.    The stipulation sets out substantially that the Express Company had complied with the Interstate Commerce law with respect to the filing of schedules of its charges, etc.; that the goods shipped were never delivered to the Silk Company, but were lost by the Express Company, which has been unable to find them, although it has used all reasonable or possible efforts in that direction. It is further stipulated that where goods of a value exceeding $50 are shipped, and the value declared, each package of such value is handled separately, under the supervision of an employe of the defendant throughout its transportation; that each employe to whom the goods were delivered gave an individual receipt therefor, and kept the goods in his personal custody until he delivered the same to some other employe from whom he took a like receipt; that as a result the Express Company was able to fix the responsibility for each package so handled; that packages of a less value than $50 were not handled separately but were handled on waybills with other packages; that the package of goods in question was transported in the customary manner of handling goods of a value not exceeding $50; that tender of the amount of $50 was made to plaintiff in error and also to Juilliard & Co., but was refused by both of them, this tender having been made subsequent to the time that the plaintiff in error paid Juilliard & Co. for the goods.

The court found that the plaintiff in error was bound by the language of the receipt, and could recover in this action only $50.  Judgment for this amount was rendered, but without costs.

The defendant in error insists that the case is governed by the decision in Ellison v. Adams Express Company, 245 Ill. 410.  In that case suit was brought for a shipment made under very similar circumstances, and the defense, among others, was that the shipper knowingly and wilfully, by failing to state the value of

the merchandise delivered, obtained transportation for each shipment at less than the regular rate, in violation of section 10 of the Interstate Commerce Act, and therefore could not recover. The third paragraph of section 10 reads as follows:

"Any person and any officer or agent of any corporation or company who shall deliver property for transportation to any common carrier, subject to the provisions of this act, or for whom as consignor or consignee any such carrier shall transport property, who shall knowingly and wilfully, by false billing, false classification, false weighing, false representation of the contents of the package, or false report of the weight, or by any other device or means, whether with or without the consent or connivance of the carrier, its agent or agents, obtain transportation for such property at less than the regular rates then established and in force on the line of transportation shall be deemed guilty of fraud, which is hereby declared to be a misdemeanor, and shall, upon conviction thereof in any court of the United States of competent jurisdiction within the district in which such offense was committed be subject for each offense to a fine of not exceeding five thousand dollars or imprisonment in the penitentiary for a term of not exceeding two years, or both, in the discretion of the court."

The Supreme Court held that the defense interposed in the last mentioned case was well founded. Among other things it was said:

"Courts of justice will not assist parties who have participated in a transaction forbidden by statute to assert rights growing out of it. There can be no right of recovery upon a contract which is against good morals, forbidden by law or opposed to public policy."

The court further said:

"Compliance with the requirements of the act by the shipper as well as the carrier is essential to its

successful operation, and we cannot presume that Congress intended that the contracts forbidden by it should be valid and should be enforced to the same extent as if there were no prohibition, merely subjecting the offender to penalty if detected and prosecuted.''

In the present case suit was brought by the plaintiff in error as consignee and as owner of the goods, upon the theory that the goods were lost through negligence of the Express Company. There is nothing in the record to show that the plaintiff in error participated in any fraud or deceit for the purpose of obtaining a rate less than the regular rate, as was the situation in the case last referred to. If there was any wrongdoing it was that of the employe of Juilliard & Co. in not disclosing to the Express Company the actual value of the goods at the time he prepared and handed to the driver of the Express Company the receipt which was taken and thereby obtaining a rate less than the legal rate. If this suit were brought by Juilliard & Company, in our opinion no recovery could be had, under the authority of Ellison v. Adams Express Company, *supra*.

It is stipulated that the goods were delivered to the Express Company and lost by it. The Express Company does not claim that the loss was by fire or any other mischance, by reason of which it is exempt from liability under the terms of the contract made with the shipper. We think, therefore, that it comes within that class of cases in which the presumption obtains that the loss was occasioned by the negligence of the carrier. Hutchinson on Carriers, sec. 1346 *et seq.*

It has repeatedly been held in this state that the owner of goods is not limited to the valuation expressed in the bill of lading, unless it is shown that he knew and consented to the same; and where suit is brought by the consignee it must affirmatively appear that the consignee knew of the limitation in the bill of lading or

that the consignor had authority to bind the consignee in that respect.

In the present case the plaintiff in error simply directed the goods to be shipped by express, without specifying by what express company. The mere knowledge, therefore, on its part of the usual conditions in bills of lading used by the Adams Express Company would not of itself show authority in the consignor to bind the consignee by any contract it might make with the Adams Express Company; much less would it be evidence of the fact that the plaintiff in error authorized the consignors or their agent to enter into a contract with the Express Company of such a character as would render the agents or employes of Juilliard & Co., as well as the plaintiff in error, amenable to the criminal provisions of the Interstate Commerce Act.

Our conclusion therefore is that the case should be governed by the decision in Plaff v. Pacific Express Company, 251 Ill. 243. The language quoted in that case from Merchants' Despatch Transportation Company v. Joesting, 89 Ill. 152, is particularly applicable:

"In this case appellees did not see the shipping receipt and were not aware that it contained the exception until after the goods passed to appellants. But it is said the merchants of whom the goods were purchased knew of the exceptions when they shipped them. Concede this to be true, and there is no evidence that appellees ever authorized them to make a contract limiting the carrier's liability. In the absence of evidence the presumption would be that they had only the authority to ship them with all the liabilities of the common carrier attaching, without exception of any description. So it is seen that appellant has failed to show that appellees ever expressly or by implication assented to the exemption from liability by loss from fire."

We express no opinion as to whether or not Juilliard & Co. or its agents would be liable over to the Express Company for the deceit which apparently was practiced.

For the reasons stated, we think the court erred in not entering a judgment in favor of the plaintiff in error for the full value of the goods as shown by the record. This value, as heretofore stated, was $170.97. The judgment of the Municipal Court will therefore be reversed and a judgment entered in this court in favor of the plaintiff in error, Nonotuck Silk Company, and against the defendant in error, Nonotuck Silk and against the defendant in error, Adams Express Company, for the sum of $170.97.

*Judgment reversed and judgment entered here.*

MR. PRESIDING JUSTICE BALDWIN took no part in the decision of this case.