Society Operaia San Cristoforo Di Ricigliano, Inc., Defendant in Error, v. Frank Rock, Plaintiff in Error.

Gen. No. 16,637.

1. PRINCIPAL AND SURETY—*what constitutes contract.* An instrument reciting an obligation to answer for defalcations, stated to be a formal declaration of obligation and guaranty, that is drawn in the form in use in the civil law and contains no condition of defeasance, is not a bond, but, the obligor declaring himself as surety, expressly binding himself to be "directly" responsible and to "answer directly" to the obligee, it is a contract of suretyship, although the word "guarantees" is used therein.

2. APPEALS AND ERRORS—*harmless error*. In an action against a surety of a financial secretary of an organization which is tried before the court, testimony of a member of an auditing committee who claimed to have examined the secretary's books and accounts and to have interviewed members and made a report of a shortage, is inadmissible, and likewise the report itself, but the admission of such evidence will not reverse where sufficient competent evidence of a shortage is admitted, since it will be presumed that the incompetent evidence did not influence the court.

Error to the Municipal Court of Chicago; the HON. MICHAEL F. GIRTEN, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

WILLIAM SCHREIDER, for plaintiff in error.

BROWN & NAVIGATO, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, brought suit against the plaintiff in error, hereinafter called defendant, to recover three hundred dollars on a written instrument as follows:

"Formal declaration of obligation and guarantee.

"In the year 1908 on the 7th day of January, in Chicago, U. S. of A.

"Before me, Pasquale Schiavone, notary public, duly authorized to take instruments and contracts in the City of Chicago, County of Cook and State of Illinois, having an office at No. 388 South Halsted street, personally appeared: Guiseppe Tolve of Barile Province of Potenza, Kingdom of Italy, now domiciled and residing in the City of Chicago and precisely at No. 121 Vernon Park Place, who has declared and hereby declares to occupy an office of trust as financial secretary of the worthy society 'San Cristoforo di Ricigliano.'

"Frank Rocchi, a land owner and uncle of above named constituent, also of Barile, Potenza, now domiciled in this City of Chicago, who in confirming and proving the assertion as to the office intrusted to his

said nephew Guiseppe Tolve, as secretary of the society 'San Cristoforo di Ricigliano;' in virtue of this public declaration he hereby declares himself to become a surety and directly responsible to the social body of said society; and he guarantees his nephew Tolve for the sum of $300.00 to be paid to said society at any time said Guiseppe Tolve should become insolvent in his capacity as financial secretary.

"Without further ratification the said Frank Rocchi shall answer directly to the said worthy society 'San Cristoforo di Ricigliano' for whatever damages, deficiency or insolvency of the said financial secretary, the said Guiseppe Tolve.

"The said declaration has been embodied in the present act that has been read to and approved by the parties hereto in the presence of witnesses, having all legal qualifications, has been duly subscribed by said parties hereto by the witnesses and lastly by me, the notary.

"Signed:

"Guiseppe Tolve,.

"Frank Rock,

"Giovanni Vevetucci, Witness.

"Antonio Bozza, Witness.

"Pasquale Schiavone,

"(Seal)    Notary Public."

The cause was submitted to the court without a jury and a finding and judgment for the plaintiff for the sum of three hundred dollars was rendered.

The instrument in question is apparently drawn in the form in use in the civil law. The defendant contends that, it containing no condition of defeasance, under the authority of Fitzgerald v. Staples, 88 Ill. 234, it is not a bond. In this we agree. We are, however, of the opinion that the said instrument is a contract of suretyship, wherein the defendant declares himself as surety and expressly binds himself to be "directly responsible" and "shall answer directly" to the plaintiff, although the word "guarantees" is used therein. Brandt Suretyship Guaranty (3d Ed.), pages 9-13, with notes thereto.

There is some conflict in the testimony pertaining to the signing of said contract, but we think the greater weight of the evidence supports the contention that the same was signed by the parties thereto at the same time and place and as stated by the defendant; that he signed said instrument at Tolve's request, who stated to him he had been elected financial secretary of plaintiff society, and had to have the same signed before he could be the said financial secretary. For his services in this position he was paid a small compensation.

The defendant insists that the court erred in admitting the testimony of a member of an auditing committee who claimed to have examined the books and accounts kept by Tolve, interviewed many members of the society and made a report to the society that Tolve was short in his accounts $455.13, which said report was also admitted in evidence over the defendant's objection. This evidence was all clearly incompetent and should not have been admitted. However, the cause was tried by the court, without a jury; and if there was sufficient competent evidence to justify the judgment, it will be presumed by the reviewing court that no improper or incompetent evidence influenced the court in reaching a decision. Merchants' Des. Transp. Co. v. Joesting, 89 Ill. 152; Kreiling v. Nortrup, 215 Ill. 195; Pratt v. Davis, 224 Ill. 300. There are also a large number of appellate court decisions to the same effect. In the case at bar the book of the plaintiff society showing the collections from its members made by Tolve and kept by him in his official capacity of financial secretary and in his own handwriting, showed receipts by him of nearly $1,100. The treasurer, to whom Tolve was to pay the money collected by him, testified that he had received from Tolve $746.37. This left a balance due from Tolve to the plaintiff of more than three hundred dollars. This evidence was practically undisputed.

Without considering in any manner the improper

and incompetent evidence admitted by the court, we are of the opinion that the competent evidence was of the greater weight, and clearly sustains the finding of the court, and therefore the judgment is affirmed.

*Affirmed.*