JAMES M. FITZGERALD

*v.*

HARRY A. STAPLES *et al.*

1. CONTRACT—*construction.* A court of law has no right to presume contracting parties intended to insert in a written contract a provision other or different from that which the plain language used would indicate, and then

give a construction to the contract which would only be legitimate if the contract contained the supposed omitted provision.

2. BOND—*when void for want of condition.* A bond which recites that the principal obligor has made a contract with the obligee to receive from the latter certain teas and coffees, sell the same, pay over to the obligee the proceeds of sales, less the profits of the obligor, each month, and make complete settlement each thirty days, and, without any condition being expressed, concludes, "then this obligation shall be void," etc., creates no liability on the part of those executing the same.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, for the appellant.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by James M. Fitzgerald, against appellees, upon a bond, which was as follows:

"*Know all men by these presents*, That we, Harry A. Staples, as principal, and Frank W. Tracy and George A. Sanders, as securities, of the city of Springfield, and State of Illinois, are held and firmly bound unto James M. Fitzgerald, of Springfield, Ill., in the sum of $2000, for the payment of which we hereby bind ourselves.

"The condition of this obligation is such, that whereas the above named Harry A. Staples has made, signed, executed and delivered a certain contract with the above named James M. Fitzgerald, to receive from said Fitzgerald certain teas and coffees, sell and deliver same, pay over to said Fitzgerald all moneys received for said sales, less the amount of profits accruing to said Staples, each month, and make full and complete settlement each thirty days, then this obligation shall be void; otherwise to be and remain in full force and virtue.

"Sealed with our seals, and dated this 9th day of May, 1874.

HARRY A. STAPLES,        [L. S.]

FRANK W. TRACY,        [L. S.]

GEORGE A. SANDERS.        [L. S.] "

A contract, in writing, was made between Fitzgerald and Staples, bearing the same date of the bond, which provided, the former should deliver to the latter, at his store, in Springfield, such quantities of good, merchantable teas and coffees as Staples might, from time to time, require, which were to be paid for by him. To secure the faithful performance of the contract, this clause was inserted: "He (Staples) further agrees to execute and deliver a bond of indemnity in the sum of $2000, with approved security."

It appears, from the evidence on the trial, that goods to the amount of $1937.97 had been furnished, upon which Staples had paid only $681.75, leaving a balance due of $1256.22. There is no dispute in regard to the fact that Staples is indebted to Fitzgerald, for goods furnished under the contract, to the amount shown by the evidence; but the question here presented is, whether an action can be maintained on the bond sued upon, against the sureties thereon. As has been suggested, the bond must receive a reasonable interpretation; but in order to arrive at the intention of the parties at the time the bond was executed, we must resort to the language used by them in the obligation which they executed. A court of law has no right to presume contracting parties intended to insert in a written contract a provision other or different from that which the plain language used would indicate, and then give a construction to the contract which would be legitimate if the contract contained the supposed omitted provision. Such a practice would, in effect, be making contracts for parties, which courts are powerless to do. As was said in *Crabtree* v. *Hagenbaugh*, 25 Ill. 233, this, like all other agreements, must receive a reasonable interpretation, according to the intention of the parties at the time of executing it, if that intention can be ascertained from the language they have employed for that purpose.

Did the obligors in the bond incur any liability, by a fair or reasonable interpretation of the language used in the condition of the bond? A bare inspection of the instrument

gives a negative answer to the inquiry. The condition of the bond contains a bare recital that a certain contract had been made between Staples and the plaintiff, by which certain things were to be done by the contracting parties, and concludes by saying, "then this obligation shall be void; otherwise to remain in full force." It needs no argument to show that the parties who executed the bond incurred no liability by executing the instrument. Had the condition in the bond, after reciting the making of a contract between Staples and plaintiff, contained a clause, which is usually inserted, something like the following: now, if the said Staples shall well and truly keep and perform the agreement aforesaid, then the obligation to be void, the liability of the parties would have been fixed, but the very language which seems necessary to render appellees liable seems to have been entirely omitted. The omission may have occurred by accident or mistake, but that in no manner affects the question here. The bond, as drafted and executed, imposed no liability upon those who executed it, and the court could not hold the obligors liable, unless some new provision was injected into the instrument, which the court had no power to do.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*