**WILLS et al. v. PEACE CREEK DRAINAGE DIST. OF POLK COUNTY, FLA.**

(Circuit Court of Appeals, Fifth Circuit. February 4, 1925.)

No. 4388.

Drains ⟨⟷⟩54—Drainage district held not required to complete work abandoned by contractors as condition precedent to recovery on bond.

Drainage district *held* not required to complete work abandoned by contractors as condition precedent to recovery on contractors' bond.

In Error to the District Court of the United States for the Southern District of Florida; Henry D. Clayton, Judge.

Action by the Peace Creek Drainage District of Polk County, Fla., against A. V. Wills, W. V. Wills, and E. S. Wills, composing firm of A. V. Wills & Sons, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Francis B. Carter, of Pensacola, Fla., and C. A. Boswell and S. G. Wilson, both of Bartow, Fla. (C. A. Boswell, Jr., J. J. Swearingen, T. L. Wilson, and B. C. Wilson, all of Bartow, Fla., on the brief), for plaintiffs in error.

Herbert S. Phillips, of Tampa, Fla., and Geo. W. Oliver, of Bartow, Fla., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. The Peace Creek Drainage District of Polk county, Fla., a public corporation formed for the purpose of reclaiming overflowed lands, in 1915 entered into a drainage contract with A. V. Wills & Sons, hereinafter called contractors. Article I of the contract is as follows:

"The contractors, under penalties of a bond conditioned for the full and faithful performance of this contract, will, in accordance with attached proposal and specifications, and the maps and profiles embraced in the 'plan of reclamation' now on file in the office of the clerk of the circuit court of Polk county, Fla., which are also hereby referred to and made a part of this contract, a copy of which has been delivered to the said contractors, the receipt whereof being hereby acknowledged, furnish all work, labor, service, and material of every kind, and will do and perform each and every act and thing necessary or proper for the construction of the ditches included in contract units numbered from one (1) to six (6) both inclusive, as specified n the 'plan of reclamation,'

and in the said specifications, of the Peace Creek drainage district, and will fully complete the same in accordance with the true intent and meaning of the said 'plan of reclamation' and the terms of the specifications as made by the chief engineer for the said district, a copy of which has been furnished to the contractors and the terms of which are fully understood by them, without any further or other or different expense or costs of any nature whatsoever to the said district, excepting the consideration to be paid therefor by the district, as more particularly stipulated in and by the specifications and the proposal hereto attached."

The contractors, as principals, and the American Surety Company, as surety, executed a bond for $50,000, conditioned that the contractors should faithfully perform their contract, and indemnify the drainage district and save it harmless. The contractors proceeded with the drainage work until December, 1918, when they had completed all the main canals except one, received full payment therefor, in the sum of about $189,000, and then without legal excuse or justification abandoned the contract, leaving undone the work required for the construction of one of the main canals and of all the lateral ditches. In 1920 the drainage district brought suit on the bond against the contractors and the surety company.

The contract contains no provision for the completion by the drainage district of the work upon the abandonment of it by the contractors. The trial occurred in 1924. At that time the drainage work remained in practically the unfinished condition in which the contractors left it, but aside from this there was no evidence inconsistent with an intention on the part of the drainage district ultimately to complete the plan of reclamation provided for in the contract. Funds for defraying the cost of the work were derived from the sale of bonds. It was fairly shown by the evidence that at the time the contractors abandoned their contract the drainage district had a sufficient amount on hand to pay for the completion of the plan of reclamation at the contract price, but that the reasonable cost of completion would be $30,000 to $35,000 in excess of the cost provided for in the contract.

At the close of all the evidence the defendants entered a motion for a directed verdict in their favor, on the ground that it was necessary for the plaintiff to complete the plan of reclamation before bringing suit. But the court denied the motion, and charged the jury that the plaintiff had the right to

bring suit without first completing the work abandoned by the defendants. These rulings were duly excepted to, and are assigned as error. The court further charged the jury that plaintiff's measure of damages was the difference between the contract price and the amount the unfinished work would reasonably have cost. The defendants seem to concede that, if the plaintiff was entitled to recover, the court laid down the correct rule upon the measure of damages, as they themselves asked a charge, which was also given, to the same effect.

We are of the opinion that the plaintiff was not bound, as a condition precedent to recovery by it on the bond, to complete the work which the contractors had agreed to do. The contract secured to the plaintiff the right to have the drainage work done at an agreed cost. The contractors, by abandoning their contract, damaged the plaintiff in the amount represented by the reasonable cost of completing the work over and above the cost stipulated in the contract. The bond was given to secure plaintiff's contract right and to indemnify it against loss and damage. That plaintiff's right to recover is not dependent upon completion of the work which the contractors obligated themselves to do is well settled. All American Oil & Gas Co. v. Connellee, 3 F.(2d) 107 (Fifth Circuit, present term, opinion filed December 16, 1924); National Surety Co. v. City of Huntsville, 192 Ala. 82, 68 So. 373; Simons v. Wittmann, 113 Mo. App. 357, 88 S. W. 791; King v. Nichols & Shepard Co., 53 Minn. 453, 55 N. W. 604; Newton v. Consolidated Construction Co., 184 Mich. 63, 150 N. W. 348; 3 Williston on Contracts (1920 Ed.) § 1363; 2 Sedgwick on Damages (9th Ed.) § 643; 3 Sutherland on Damages (4th Ed.) § 699.

American Surety Co. v. Woods, 105 F. 741, 45 C. C. A. 282, decided by this court, and relied on by the defendant, clearly recognizes the rule just above stated. It is there said: "Where the employé or contractor without legal cause abandons the work, unfinished, the right of the employer to sue for the breach of the contract is not dependent on his completing the abandoned work. He may sue at once and recover of the employé or contractor such damages as under legal rules he can show he has sustained." It is true that case held that the contract there under consideration contemplated the completion of the work, whereas it had been abandoned by all parties. This conclusion was based largely upon a provision in the contract to the effect that, in case of aban-

donment by the contractor, the employer should complete the work, and that, if the expense was less than was payable under the contract, the contractor should receive the difference. It was further held on rehearing that the contract was indefinite and uncertain, because the right was reserved to change the plans. The contractor was only to furnish the labor and the employer was to furnish the material. In view of these uncertainties, the conclusion was reached that only the cost as demonstrated by actual test was within the contemplation of the parties.

That case was decided upon its own peculiar facts, and it affirmatively appears that it was not intended to depart from the well-established rule which was specifically recognized. The instant case is easily distinguishable. Abandonment by the drainage district was not shown. The contract definitely defines the work required of the contractors, and hence there is no uncertainty as to what work should be done. Finally there is no provision in the contract from which it can be inferred that the parties had in contemplation completion of the work by the drainage district; on the contrary, the bond was required for the very purpose of relying upon it for any and every breach upon the part of the contractors.

The judgment is affirmed.