J. C. LLEWELLYN, Appellee, *vs.* THE BOARD OF EDUCATION OF CICERO-STICKNEY HIGH SCHOOL TOWNSHIP DISTRICT, Appellant.

*Opinion filed December 23, 1926—Rehearing denied Feb. 3, 1927.*

1. CONTRACTS—*contract will be given reasonable construction.* A contract should be construed as a whole so that the entire instrument may be given effect, if possible, and courts will adopt a reasonable construction and one which is most equitable to the parties rather than a construction which will lead to absurd results.

2. SCHOOLS—*no election necessary to authorize building repairs and improvements.* A board of education cannot build a school house unless authorized by vote of the people of the school district, but it has the same authority as boards of school directors, and under the proviso to section 189 of the School law of 1907, as amended in 1919, no election is necessary to authorize the levy of a tax for the repairs and improvements of school buildings or grounds; and obligations incurred for such improvements, repairs or benefits to school buildings, including architect's fees for proposed remodeling and repairing, should be paid from a tax levied for building purposes.

3. SAME—*school board may authorize improvements that cannot be completed within a year.* A board of education has no power to levy a tax for building purposes not to be used for the ensuing year but merely to accumulate a fund for building at a future time, but it may authorize and contract for repairs and improvements although it may be unable to complete the proposed work within the ensuing year; and it is not essential to the validity of an architect's contract for making plans for remodeling, that the remodeling be completed within the ensuing year or that the remodeling be only sufficient to meet the needs of the school for the ensuing year. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 208 Ill. 9, distinguished.)

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

FELSENTHAL, STRUCKMANN & BERGER, for appellant.

FREDERIC L. GOFF, and CHESTER E. CLEVELAND, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment in favor of appellee, rendered by the superior court of Cook county, and the case comes to this court on a certificate of importance and an appeal granted by the Appellate Court.

Appellant employed appellee, who is an architect, to make plans, drawings and specifications for remodeling and repairing school buildings under the control of appellant. As we understand it, there was no written contract made pursuant to the resolutions of the board of education, but the terms of the employment are stated in the resolution. The first resolution was adopted in June, 1919, and recited that appellant, after lengthy discussion, engaged appellee as architect, and he was instructed to draw plans and specifications for remodeling the old building, which were to be acceptable to the board, and his fee was to be eight per cent of the cost of the alterations approved and was to include appellee's supervision of the work. No work seems to have been done by anyone before April, 1920, at which time the former resolution was considered and amended or rescinded. The resolution of April, 1920, recited that the school buildings had become unsuitable, inconvenient and unnecessary for school purposes, and it was the opinion of appellant they should be repaired and improved in such manner as to make them more suitable for the present needs and requirements, and it was resolved that appellee be appointed architect to make plans and specifications for the desired improvements and that his compensation be eight per cent on "all work approved and let," which fee was to include supervision of the work; that the board reserved the right to discontinue any or all of the work at any time the school interests required, and in that case the compen-

sation of the architect was to be established by the schedule of the American Institute of Architects. This resolution is the one which appellant contends was the real employment, whereby appellee's compensation was conditioned on the work being approved and let. In June, 1920, appellee was instructed to prepare working drawings and specifications for submission to the board, (1) to cover changes to be made in the girls' gymnasium, (2) to cover remodeling of the south building, and (3) to cover addition on east end of the south building. In September, 1920, appellee was authorized to make complete working drawings for the addition on the east side of the building and for the alteration and remodeling of the old building on the south, together with the connection of the main building to the addition. At a meeting of the board held in October, 1920, the minutes thereof recited that appellee came before the board with plans for the addition to be built on the east end and the remodeling of the south end of the building. The plans were approved and appellee was instructed to prepare detailed drawings. The board filed three special pleas to the declaration, which was on the common counts, and a bill of particulars was filed by appellee. The first plea averred that appellee was to be paid only if the work was let according to the plans and specifications, and that no work was ever let. The second plea averred the contract was void because the work contemplated was for building purposes other than ordinary repairs and improvements to buildings and grounds and other than improvements to be paid for by special assessment or special taxation, and could not be made without an affirmative vote of the voters of the district at an election, and no election was ever held. The third plea averred the contract was void because the work contemplated was not for the wants of the district for the next ensuing school year, only, but the improvements were to be made from time to time in the future by future boards of education as the growth and needs of the school

district might require. Appellee filed replications travers-
ing the pleas. A stipulation was entered into between the
parties that no work was ever let under the plans and speci-
fications; that the work contemplated was for building
purposes other than ordinary repairs and improvements to
buildings and grounds, and that the work contemplated was
not only for the immediate needs of the district but was
for alterations and additions to be made from time to time •
in the future by future boards of education as the needs of
the district might require. As before stated, appellee re-
covered judgment in the superior court, which was affirmed
by the Appellate Court, for compensation according to the
schedule of the American Institute of Architects.

The first contention of appellant is that no recovery was
authorized because under the contract appellee was only to
be paid if the work was let under his plans and specifica-
tions, and no work was let. There is no controversy that
no work was ever done by appellant, but in pursuance of
the resolution of April, 1920, reserving the right to do so,
the board abandoned the work. It is not contended appel-
lee's right to compensation under the first resolution de-
pended upon letting the work under the plans and specifi-
cations, but it is contended that the first employment was
rescinded and the resolution of April, 1920, incorporated
different terms, and that under that resolution he was to
be paid only on the basis of work "approved and let." We
are of opinion the superior and Appellate Courts properly
interpreted the contract. The resolution authorized appel-
lant to discontinue any or all of the work at any time the
school interest required. Appellee's compensation was fixed
by the resolution at eight per cent on all work approved
and let, which was to include supervision of the work, but
after reciting appellant reserved the right to discontinue
any or all parts of the work, the resolution recites that the
compensation of the architect shall be established by the
schedule of the American Institute of Architects. Article 8

324—17

of the schedule of the American Institute of Architects provided that should the work, or any part of it, be abandoned or suspended, the architect is to be paid in accordance with or in proportion to the terms of article 9 for the services rendered up to the time of abandonment or suspension. Article 9 provided that whether the execution of the work be suspended or abandoned in part or whole, payments are to be made under the provisions of article 8, as follows: "Upon the completion of the preliminary structures a sum equal to twenty per cent (20%) of the basic rate computed upon a reasonable estimated cost. Upon completion of specifications and general working drawings (exclusive of details) a sum sufficient to increase payments on the fee to sixty per cent (60%) of the rate or rates of commission agreed upon, computed upon a reasonable cost estimated on such completed specifications and drawings, or if bids have been received, then computed upon the lowest *bona fide* bid or bids." The reasonable interpretation of the contract is, we think, that if the work was done under the supervision of the architect he was to have a fee of eight per cent of the cost of all the work, but in the event appellant decided to abandon or discontinue the work he was to be compensated according to the schedule of the American Institute of Architects, and the amount judgment was rendered for was in accordance with that schedule. While no contract was ever let, bids were received, and the compensation for which judgment was rendered was upon the lowest bid made for doing the work.

Appellant contends that if the work was discontinued or abandoned before contracts were let appellee was to receive nothing for his services. He drew the plans and specifications for the work, and at the request of the board working drawings for parts of it. The resolution contemplated paying appellee certain fees if the work was abandoned or suspended before it was let. The contract should be construed as a whole and not from particular phrases, and the

whole instrument should be given effect, if possible.  A reasonable construction should be given rather than an unreasonable one, and courts will construe a contract most equitable to the parties, which will not give one of them an unfair advantage over the other.  A construction that would lead to absurd results should be avoided.  (13 Corpus Juris, 540, 541.)

The second contention of appellant is, the contract was void because it was for building purposes other than repairs and improvements to buildings and grounds, and the work could not be done without authority of the voters at an election, and it was stipulated no election was had.  By the School law boards of education are given the same authority as boards of school directors.  Boards of education have authority to levy taxes for educational purposes and for building purposes.  They are given authority to repair and improve school houses and furnish them, and to buy or lease sites for school houses, and to purchase, build or move school houses, but where it is desired to purchase or locate a school house site, or to purchase, build or move a school house, authority must be obtained by an election for that purpose.  The School law has been revised so frequently and so many decisions made under the different revisions that we shall not undertake to set them out separately.  We think the opinion of the Appellate Court correctly does this, and it would be unnecessary for us to repeat it.  In *People v. Chicago and Alton Railroad Co.* 257 Ill. 208, it was held the proviso to section 189 of the School law adopted in 1907, authorizing the levy of taxes for the improvement, repair or benefit of school buildings, had the effect of transferring those items from the educational fund to the building fund, and authorized the levy of a building tax for the purposes mentioned in the proviso of said statute, without the necessity of an election.  *People v. Chicago, Burlington and Quincy Railroad Co.* 256 Ill. 476, is to the same effect.  We think it clear under those cases and others which might

be cited, that no election was necessary to the validity of the contract to make the repairs and improvements decided upon. It was so expressly held in *People* v. *Bell,* 309 Ill. .387. Section 189 was amended in 1919, and the amendment provided that no election should be necessary to authorize the levy of a tax for the repairs and improvements of school buildings or grounds, and that obligations incurred for such improvements, repairs or benefits of school buildings should be paid from a tax levied for building purposes. In the second sentence of the first proviso the word "ordinary" was omitted, preceding the words "repair or improvement of school buildings." No particular significance can be attached to the omission of that word. The resolution of April, 1920, recites the buildings should be repaired and improved in a manner to make them more suitable for the present needs of the district, and appellee was employed to make plans, specifications and drawings for that work. While under the law the board of education could not build a school house unless authorized by vote, it might repair and improve such buildings without an election and pay for the same out of a tax levied for building purposes. *Davis* v. *Board of Education,* 323 Ill. 281.

It is further contended by appellant that the proposed work was not intended to meet the needs of the school for the next ensuing year but was to be performed from time to time as the future growth and needs of the school might require. Boards of education are authorized to levy a tax annually for the purpose of establishing and supporting schools for a specified period each year. It was held in *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 208 Ill. 9, that boards of education had no power to levy a tax for building purposes not to be used for the ensuing year but for the purpose of accumulating a fund to construct a building at a future period. That decision is not in point in this case. It is not unlawful for a board of education to plan repairs and alterations which

it may not be able to complete within the ensuing year. The improvement and plans decided upon apparently could not be completed within the ensuing year but were decided to be necessary to the growth and needs of the school, and certainly a board of education may contract for such repairs and improvements although it may be unable to complete them within the ensuing year. It certainly never was intended that a board of education should only have power to contract for improvements and repairs which must be completed within the ensuing year. If the repairs are begun it is not essential to the validity of a contract that they be completed within the year.

The contention of appellant under the fourth division of its brief is fully covered by what we have previously said in this opinion.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*