## Corn Belt Bank, Appellee, v. Maryland Casualty Company, Appellant.

### Gen. No. 8,876.

388

Opinion filed July 17, 1935.

WHITMORE & WHITMORE, of Bloomington, for appellant.

DANIEL D. TUOHY, of Bloomington, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Appellee, the Corn Belt Bank, trustee, recovered a judgment in the circuit court of McLean county for the sum of $1,000 against the Maryland Casualty Company, appellant, in an action of debt on an indemnity bond executed by appellant, as surety for L. F. Mostoller, from which judgment this appeal was taken.

From the stipulation entered into by said parties it appears Lincoln F. Mostoller was the owner of the south 60 feet of Lot 16, in Dimmetts Addition to the City of Bloomington, County of McLean, State of Illinois, known as 203-203½ So. Evans street.

On August 11, 1930, George H. Cox lent said Mostoller the sum of $2,000, for which he received a note of that date which was secured by mortgage upon said premises, and on August 14, 1930, he loaned him a further sum of $1,000 which was evidenced by the promissory note of said Mostoller and was also secured by mortgage upon said premises.

On September 19, 1930, said Lincoln F. Mostoller, as principal, and the Maryland Casualty Co., as surety, executed and delivered to the Corn Belt Bank, as trustee, a certain indemnity bond. On September 20, 1930,

George H. Cox made a third loan of $2,000 to Mostoller and took a principal note for $5,000, signed by Lincoln F. Mostoller and Lula G. Mostoller, dated September 20, 1930, and payable to the order of "ourselves" and due September 20, 1933, and by them duly indorsed in blank. The $5,000 note included all of the money loaned by George H. Cox to Lincoln F Mostoller, and upon receipt of the note George H. Cox released the two mortgages of record. Upon the execution of the $5,000 note Lincoln F. Mostoller and his wife, Lula, executed and delivered to George H. Cox a trust deed of even date with said note, in which the Corn Belt Bank, trustee for the use of the legal holder of said note, was named as grantee.

The Corn Belt Bank, named as obligee in the indemnity bond, never lent any money to Lincoln F. Mostoller, as recited in said bond, and George H. Cox lent only the sum of $5,000 and he was the sole and only holder of the notes secured by either the trust deed or the two prior mortgages.

The bond sued on was procured by said Lincoln F. Mostoller from the Maryland Casualty Co. at the instance and request of George H. Cox and not at the instance and request of the Corn Belt Bank, as trustee, who is named as obligee in said bond. The making of the last $2,000 loan to said Mostoller was on condition that he should furnish additional security to protect against mechanic's liens upon said real estate. Mechanic's liens were filed by various persons against said premises in the total amount of $2,500.

Default was made in the payment of the principal and interest on the $5,000 note, and George H. Cox instituted foreclosure proceedings in the circuit court of McLean county, entitled Corn Belt Bank, trustee, and George H. Cox v. Lincoln F. Mostoller and Lula G. Mostoller, and a final decree was entered and the premises sold to said Cox for $6,058.24. Of said sum of $6,058.24 the master in chancery was directed to apply

the sum of $2,127.52 in payment of mechanic's liens filed and proven against said mortgaged premises.

The Corn Belt Bank never had any interest in the mortgaged property or in the trust deed or notes secured thereby, and said loan was made solely by said George H. Cox to said Lincoln F. Mostoller and the notes and trust deed evidencing and securing said loan were given to said Cox individually. The Corn Belt Bank never suffered and never paid out anything for loss, costs, damages, attorney's fees, or expense of any kind by reason of the mechanic's liens filed against said mortgaged premises and proved up in said foreclosure suit, by reason of improvements made on said premises by said L. F. Mostoller, and whatever was paid in the discharge of said mechanic's liens was paid by said George H. Cox.

The cause was submitted to the court for trial upon the stipulation of facts. The only question before this court is whether the plaintiff appellee can recover damages occasioned by the principal in said bond, L. F. Mostoller, permitting the mechanic's liens to be filed against said mortgaged premises, by reason of the improvements made thereon by him and established in said foreclosure proceeding.

In determining the question presented we must look to the bond in question. The bond must receive a reasonable interpretation; but in order to arrive at the intention of the parties at the time the bond was executed, we must resort to the language used by them in the obligation which they executed. *Fitzgerald v. Staples,* 88 Ill. 234.

While it is true that bonds given by surety companies to secure the performance of a contract by the principal are to be strictly construed against the companies, in case an ambiguity exists, if there is no ambiguity there is no reason for a construction of the contract of the surety. *Lesher v. United States Fidelity & Guaranty Co.,* 239 Ill. 502. A surety cannot be held beyond the

express terms of his undertaking, and it cannot be extended by implication or construction, and the provisions of the bond form the only basis of the right of appellee to recover. *Alexander Lumber Co. v. Aetna Accident & Liability Co.*, 296 Ill. 500, 504; *City of Sterling v. Wolf*, 163 Ill. 467.

The bond upon which the plaintiff appellee is seeking to recover damages for a breach of its conditions is as follows:

"KNOW ALL MEN BY THESE PRESENTS, That we, Lincoln F. Mostoller, of Bloomington, Illinois, as Principal, and Maryland Casualty Company, a corporation under the laws of the State of Maryland, as Surety, are held and firmly bound unto Corn Belt Bank, as Trustee, of Bloomington, Illinois, as Obligee, in the penal sum of One Thousand and no/100 ($1,000.00) Dollars, good and lawful money of the United States of America, well and truly to be made, the said principal binds himself, his heirs, executors, administrators, successors and assigns, and the said surety binds itself, its successors and assigns, firmly by these presents.

"SIGNED, sealed and dated this 19th day of September, A. D. 1930.

"THE CONDITION OF THIS OBLIGATION IS SUCH, THAT WHEREAS, the said Corn Belt Bank has loaned to the said Lincoln F. Mostoller the sum of Five Thousand Five Hundred and no/100 ($5,500.00) Dollars, secured by the premises known and described as:

"South 60 ft. Lot 16, Dimmetts Addition to the City of Bloomington, County of McLean, State of Illinois, known as 203-203½ So. Evans St.

"WHEREAS, the said Lincoln F. Mostoller is about to or has improved the above described premises, and the said Corn Belt Bank has granted its permission to make such improvements provided they are secured by a bond of indemnity protecting them from any and all established liens that might be filed against said

premises by reason of the improvements mentioned above being made or having been made.

"Now, THEREFORE, if the said principal does fully protect, defend and save harmless the said Corn Belt Bank, from and against any and all loss, costs, damages, attorney's fees, and expense of every kind and nature which the said Corn Belt Bank may at any time or times suffer or incur by reason of any and all liens being filed against the above described premises by reason of the improvements made thereon by the said Lincoln F. Mostoller and established in a court of competent jurisdiction, this obligation to be null and void, otherwise to remain in full force and effect.

"PROVIDED, HOWEVER, that the said Surety shall not be liable for any liens filed after one year from the date of this bond.

"LINCOLN F. MOSTOLLER, Principal
MARYLAND CASUALTY COMPANY, Surety
By Edmond Madden, Attorney-in-Fact."

There is no ambiguity in the language of the bond. From the terms and conditions of the bond it clearly appears that the Maryland Casualty Company obligated itself to pay and keep harmless the Corn Belt Bank, and no one else, from all loss occasioned by the failure of Lincoln F. Mostoller to protect it from all mechanic's liens filed against said premises by reason of improvements made thereon by said Lincoln F. Mostoller.

Appellee insists that the bond was procured at the instance of the holder of the notes and that the day after the bond was executed the trust deed was made and the notes secured thereby were bearer notes; that it was clearly the intention that the bond should protect the owners of the notes and the beneficiaries under the trust against any loss or money expended to protect the trust deed from mechanic's liens; that the giving of the bond and the making of the trust deed was one transaction and the reason for the giving of the bond is

evident from the stipulation of facts, and the ones intended to be secured thereby were the holders of the notes; that the Corn Belt Bank, trustee, was clearly but an agent for George H. Cox and immediately upon Cox suffering a loss as guaranteed against in the bond a right of action against the defendant arose.

If the bond by its terms and conditions does not express the true intention of the parties a court of law has no power or authority to correct a mistake and reform the contract so as to make it conform to the intention of the parties. Neither can a court of law presume that the contracting parties intended to insert in the bond a provision other or different from that which the plain language would indicate and then give a construction to the bond which would be legitimate if it contained the supposed omitted provision. *Fitzgerald v. Staples, supra.*

Appellee says that if the obligee in the bond had been designated as the Corn Belt Bank as trustee for the use of the legal holders of the notes secured by the trust deed, there could be no question raised as to the defendant's liability. Without admitting that this contention is correct, it is sufficient to again point out that the Maryland Surety Company only obligated itself to save and keep harmless the Corn Belt Bank, from loss on account of mechanic's liens filed, and that the Corn Belt Bank, trustee, appellee, cannot recover any damages that George H. Cox may have sustained by reason of having been compelled to pay such mechanic's liens so filed against said premises. We are of opinion that to hold otherwise would in effect, be making contracts for parties, which courts are powerless to do.

There is nothing in the language used or any condition to be found in the bond that would indicate that it was for the benefit of George H. Cox or of the holders of the notes secured by the trust deed. To authorize a recovery on behalf of some third person

it is necessary that it appear from the terms and conditions expressed in the bond that such third person was to be protected thereby. *City of Herrin v. Stein,* 206 Ill. App. 339. There being no contention on the part of appellee that the Corn Belt Bank suffered any loss, costs, damages, attorney's fees, or expense of any kind and nature by reason of liens being filed against the premises described in the bond, on account of improvements made thereon by said Lincoln F. Mostoller, and the stipulated facts having failed to disclose any such loss, the circuit court of McLean county erred in entering judgment against appellant, and said judgment is therefore reversed.

*Reversed.*