## NUECES COUNTY v. FLETCHER & CO., Inc., et al.

### No. 11431.

Court of Civil Appeals of Texas.
San Antonio.

June 28, 1944.

Rehearing Denied July 26, 1944.

Hal F. Rachal and Linton S. Savage, both of Corpus Christi, for appellant.

A. J. Pope and Kemp, Lewright, Dyer, Wilson & Sorrell, all of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by Nueces County, Texas, against Fletcher and Company, Inc., and the American Indemnity Company, upon a road maintenance bond.

Special exceptions were sustained to plaintiff's petition and upon plaintiff's refusal to amend its suit was dismissed. From the judgment of dismissal Nueces County has prosecuted this appeal.

The bond upon which the suit is based reads as follows:

"Know All Men By These Presents: That we, Fletcher and Company, Incorporated, as principal, and American Indemnity Company, as surety, acknowledge ourselves bound and obligated to the County of Nueces, Texas, in the sum of Eight Thousand One Hundred ($8,100.00) Dollars.

"The condition of this obligation is such that Fletcher and Company, Incorporated, have entered into a contract for the paving of certain streets in the County of Nueces, such streets are the following:

"Ellis Drive from Vanderbilt to Vanderbilt, Vanderbilt from Naples to Lot 13, Block 2, Adams from Naples to Lot 13, Block 6, Roosevelt from Naples to Chapman Ranch Road, and Pearse Drive from Lot 20, Block 7 to Roosevelt Drive, in Arcadia Village. If there shall occur any failure, default, defects or imperfection in said paving due to or resulting from negligent, poor or improper workmanship, or from faulty or defective materials used by Fletcher and Company, Incorporated, in the construction of said paving for a period of three (3) years from the completion and acceptance thereof, which failure, default or imperfection is not promptly repaired, restored or replaced by Fletcher

and Company, Incorporated, this obligation shall remain in force; otherwise to become null and void.

"However, failure of said pavement or any defects therein resulting from damage to said paving due to the breaking of water pipes, gas lines, sewer lines, or the unlawful opening of trenches,. or from the relaying of the pavement by persons other than Fletcher and Company, Incorporated, or from improper drainage or sub-soil conditions beyond the control of Fletcher and Company will not be considered to be events giving rise to liability thereunder, provided such paving would have been damaged an equal amount from such improper drainage or sub-soil conditions had it been constructed in accordance with Item 211 of the State Highway specifications compiled by the State Highway Department of Texas and adopted by said department on January 13, 1938.

"This is a continuing obligation and shall not be discharged by one recovery by the County of Nueces, Texas, but for each breach hereof a successive recovery may be had until the total amount of such recoveries exhaust the amount of this bond.

"In Testimony Thereof, Witness Our Hands This 8th day of September, 1941.

"Fletcher and Company, Inc.,
"By J. O. Mack, Jr., Principal
"American Indemnity Company,
"By H. C. Campbell, Attorney in Fact."

The exception of appellees which was sustained by the court reads as follows: "And now come these defendants and except to said petition as a whole and particularly to that part thereof wherein it is alleged that 'The reasonable cost of restoring or replacing said streets or by repaving them in a good and workmanlike manner, is at least Eighty-one Hundred Dollars ($8,100.00) and therefore plaintiff is entitled to recover that amount in damages from defendants,' for the reason that said petition as a whole and said paragraph are insufficient in that it is nowhere alleged that the county has been damaged to any extent whatsoever in that it is nowhere alleged that the county had sustained any damage by restoring or replacing or repaving said streets, and it is not alleged that the county has any intention of doing so or that the county will do so; and, therefore, said allegations are insufficient as allegations of damages to the plaintiff herein upon which to predicate any cause of action. Of which special exception these defendants pray judgment of the Court."

The effect of the judgment of the trial court is that appellant cannot recover under the provisions of this bond, unless and until it has repaved or repaired these streets and in that manner ascertained the amount of its damage.

We conclude that the trial court was in error in so holding. There seems to be no case in this State directly in point, but the exact question has arisen in other states.

In National Surety Company v. City of Huntsville, 192 Ala. 82, 68 So. 373, 376, a case very similar to the one at bar, the contention was made that the bond was one of indemnity against actual loss and not against liability. This contention was overruled. The court said: "The contract of the paving company to repair has not been faithfully kept, but has been breached. The bond was given for the faithful performance of said contract, and we are of opinion that liability of the surety has been conclusively shown."

In the case at bar, Fletcher and Company, Inc., had contracted to make certain repairs in certain streets in Nueces County. The bond guaranteed the faithful performance of this contract. According to the allegations of the petition, which must be taken as true, this contract was not faithfully performed. The surety of the bond thereby became liable. The bond provides, among other things, as follows: "This is a continuing obligation and shall not be discharged by one recovery by the County of Nueces, Texas, but for each breach hereof a successive recovery may be had until the total amount of such recoveries exhaust the amount of this bond."

This makes it plain that the guarantee is against a breach of the contract and not simply one of indemnity against loss. It was not necessary for the county to first make the repairs before there could be liability on the bond. Wills v. Peace Creek Drainage District, 5 Cir., 4 F.2d 519; Charles City v. Rasmussen, 210 Iowa 841, 232 N.W. 137, 72 A.L.R. 638.

The judgment is reversed and the cause remanded.