WEST DURHAM LUMBER CO., INC. v. THE AETNA CASUALTY
AND SURETY CO.
CAROLINA AIR CONDITIONING CO., INC. v. THE AETNA CASUALTY
AND SURETY CO.
THE COMAN COMPANY v. THE AETNA CASUALTY AND SURETY CO.
DURHAM READY MIXED CONCRETE SUPPLY CO., INC. v. THE
AETNA CASUALTY AND SURETY CO.

No. 7114SC530

(Filed 17 November 1971)

1. Indemnity § 2— indemnity contract — third party beneficiaries

The beneficiaries of an indemnity contract ordinarily can recover, though not named therein, when it appears by express stipulation or by fair and reasonable intendment that their rights and interests were being provided for and were in the contemplation of the parties at the time of the execution of the contract.

2. Principal and Surety § 10— contractor's bond

The obligation of a contractor's bond is ordinarily to be read in the light of the contract it is given to secure and the liability of the surety is to be measured by the terms of the principal's agreement.

3. Principal and Surety § 10— contractor's bond — action by subcontractors, laborers, materialmen

Subcontractors, laborers and materialmen cannot recover on the general contractor's bond to the owner where it appears from the terms of the bond that it was given solely for the protection of the owner.

APPEAL by plaintiffs in each of the four above-captioned cases from *Hobgood, Judge,* 17 May 1971 Session of Superior Court held in DURHAM County.

On or about 20 August 1968 Hutchins Construction Co., Inc., as general contractor, entered into a contract with Gamma Lambda House Corp., Inc., for the construction of a sorority house in Chapel Hill. West Durham Lumber Co., Inc., (a plaintiff) furnished supplies and materials to Hutchins for use in construction of the sorority house. Carolina Air Conditioning Co., Inc., (a plaintiff) installed the heating and air conditioning system in the sorority house. Each of these two plaintiffs has demanded payment from Hutchins, but neither has been paid. Apparently, neither of these two plaintiffs notified the owner of their claim before the owner made final payment to Hutchins (the general contractor).

The Aetna Casualty Co., Inc., is surety on the general contractor's bond, and each of these two plaintiffs brought an action to recover on the bond.

On or about 12 May 1969 Hutchins Construction Co., Inc., as general contractor, entered into a contract with Northgate Shopping Center, Inc., for the construction of a branch office building for First Union National Bank in Northgate Shopping Center in Durham. The Coman Co. (a plaintiff) furnished supplies and materials to Hutchins for use in construction of the branch office building. Durham Ready Mixed Concrete Supply Co., Inc., (a plaintiff) furnished materials to Hutchins for use in construction of the branch office building. Each of these two plaintiffs has demanded payment from Hutchins, but neither has been paid. Apparently, neither of these two plaintiffs notified the owner of their claim before the owner made final payment to Hutchins (the general contractor).

The Aetna Casualty Co., Inc., is surety on the general contractor's bond, and each of these two plaintiffs brought an action to recover on the bond.

The general contract for the construction of the sorority house in Chapel Hill and the general contract for the construction of the branch office building in Northgate Shopping Center, Durham, are sufficiently similar, and the surety's obligation on the general contractor's bond given with each of the two general contracts is sufficiently similar, that the parties agreed that the

four cases be consolidated for hearing and judgment upon the motion for summary judgment filed by The Aetna Casualty and Surety Co. in each case.

Judge Hobgood entered a single judgment granting summary judgment for defendant in each of the four cases. The four plaintiffs appealed.

*Powe, Porter & Alphin, by James G. Billings, for plaintiffs.*

*Smith, Anderson, Dorsett, Blount & Ragsdale, by Samuel G. Thompson, for defendant.*

BROCK, Judge.

We think, as did the trial judge and the attorneys, that the differences between the two general contracts and the two general contractor's bonds are differences without distinction as to the legal obligation of the defendant surety to pay claims by subcontractors, laborers, or materialmen against the general contractor. Nevertheless, the wording is somewhat different and we will set out the pertinent portions in order that the facts to which this opinion applies will be clear.

In the Chapel Hill contract the general contractor agrees: "The Contractor shall furnish all work, including labor, materials, and equipment necessary to complete all construction in accordance with the drawings and specifications entitled . . ." With respect to a bond the general contract provides: "The Owner may, at his own expense, secure a performance bond covering the work under this contract and assurance of its performance by this Contractor."

The bond issued by defendant surety upon the Chapel Hill contract provides in pertinent part:

"Now, THEREFORE, the condition of this obligation is such that if Principal shall, subject to the performance of Owner's obligations to Principal, perform Principal's obligations under said contract and keep the property free and clear of any and all mechanics' and materialmen's liens for labor or material furnished in connection therewith, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:"

\* \* \*

"5. No right of action shall accrue on this bond to or for the use or benefit of any person or corporation other than the Owner . . . herein named; . . ."

In the Northgate Shopping Center contract the general contractor agrees: "Unless otherwise specifically noted, the Contractor shall provide and pay for all labor, materials, equipment, . . . and services necessary for the proper execution and completion of the Work." With respect to a bond the general contract provides: "The Owner shall have the right . . . to require the Contractor to furnish bonds covering the faithful performance of the Contract and the payment of all obligations arising thereunder in such form and amount as the Owner may prescribe . . ."

The bond issued by defendant surety upon the Northgate Shopping Center contract provides in pertinent part:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

\* \* \*

"No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner."

[1, 2] The beneficiaries of an indemnity contract ordinarily can recover though not named therein, when it appears by express stipulation or by fair and reasonable intendment that their rights and interests were being provided for and were in the contemplation of the parties at the time of the execution of the bond. *Dixon v. Horne*, 180 N.C. 585, 105 S.E. 270; *Morton v. Water Co.*, 168 N.C. 582, 84 S.E. 1019. The obligation of the bond is ordinarily to be read in the light of the contract it is given to secure and the liability of the surety measured by the terms of the principal's agreement. *Manufacturing Co. v. Andrews*, 165 N.C. 285, 81 S.E. 418. However, in the cases presently before us the bonds are given solely for the protection of the owner, and it is so stated.

The general contracts in these cases do not require the owner to secure, or the general contractor to provide, a bond to secure payment to laborers, materialmen, or subcontractors. In

fact, the general contracts do not require a bond of any kind. In the Chapel Hill contract it is provided that the owner *may* secure a bond. In the Northgate Shopping Center contract it is provided that the owner *shall have the right* to require a bond. In either instance the owner was free to purchase or require a bond or not as he saw fit. Consequently, it cannot be said that plaintiffs in any way relied upon protection granted them by requirements for a bond in either of the two general contracts. In these cases the owners exercised the options granted under the general contracts and purchased or required bonds under terms suitable to the owner for his own protection.

[3] It is true that the Northgate Shopping Center general contract required the contractor to pay for all labor, materials, equipment, etc., but the obligation of the bond is not for the faithful performance of the contract as it relates to plaintiffs. The surety on each of the bonds agrees to protect the owner, and no one else, against failure of the general contractor to promptly and faithfully perform the contract; all other persons are expressly excluded from its protective provisions. *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Manufacturing Co. v. Andrews,* 165 N.C. 285, 81 S.E. 418.

Plaintiffs have filed an exhaustive and informative brief, and have ably argued their contentions. However, in our opinion, the cases cited and relied upon by plaintiffs are distinguishable. *Hartford Accident and Indemnity Co. v. Board of Education,* 15 F. 2d 317 (4th Cir. 1926) involved a contract for construction of a public building and was controlled by statute. *Hipwell v. National Surety Co.,* 130 Ia. 656, 105 N.W. 318, involved a contract for construction of a public building and was controlled by statute. For a similar statutory provision in North Carolina with respect to public buildings see G.S. 44-14. *Carl Weissman & Sons, Inc. v. The St. Paul Fire and Marine Insurance Co.,* 152 Mt. 291, 448 P. 2d 740, involved a bond which in itself provided for the payment of claims of all persons furnishing labor and materials. For further discussion of the question of the right of laborers and materialmen to sue on the contractor's bond to the owner, see 17 Am. Jur. 2d, Contractors' Bonds, §§ 16-23, pp. 201-208; and Annot. 77 ALR 21.

In our opinion summary judgment for defendant in each of the four cases was proper.

Affirmed.

Judges VAUGHN and GRAHAM concur.