LAKE VIEW TRUST AND SAVINGS BANK, Trustee, Plaintiff-Appellant, *v.* FILMORE CONSTRUCTION COMPANY, INC., *et al.*, Defendants.—(THE AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.)

First District (1st Division)   No. 78-1873

Opinion filed August 6, 1979.

Cecil E. Magid, of Chicago, for appellant.

Ellis B. Rosenzweig, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On December 19, 1973, Lake View Trust & Savings Bank (plaintiff),

as trustee under a land trust, entered into a construction contract for a three-story nursing home with Filmore Construction Company, Inc. (defendant). Defendant furnished a bond with Aetna Casualty & Surety Company (Aetna) as surety and plaintiff as an obligee. Plaintiff filed suit against Aetna, defendant and Arnold Aaron Weiner Associates, Inc., and Arnold Aaron Weiner, individually (architects for plaintiff), to recover damages for alleged faulty materials and workmanship. The trial court dismissed count II of the action which was against Aetna. Plaintiff appeals.

The contract provided:

(1) "The Contractor shall correct any defects due to faulty materials or workmanship which appear within one year from the date of substantial completion." (Article 2B.)

(2) "The Contractor shall furnish to the Owner assurance of completion of the work in the form of bonds for performance and payment in the amount of $603,892 each." Article 6.

On March 8, 1974, Aetna, as surety, issued a bond in the above amount. The bond was entitled "Performance Bond—Dual Obligee." The bond referred to the December 19, 1973, construction contract. The bond provided "which Construction Contract is by reference made a part hereof." The bond also provided in relevant part:

"NOW, THEREFORE, the condition of this obligation is such that, if Principal [defendant-contractor] shall well and truly perform all the undertakings, covenants, terms, conditions and agreements of said Contract on its part, and fully indemnify and save harmless Obligees [plaintiff and its mortgagee] from all cost and damage which they may suffer by reason of failure so to do, and fully reimburse and repay Obligees all outlay and expense which Obligees may incur in making good any such default, then this obligation shall be null and void; otherwise it should remain in full force and effect."

On March 21, 1977, plaintiff sent defendant and Aetna written notice of defects in construction of the building and demanded corrections. Failure of defendant and Aetna to comply resulted in the institution of this action.

The sole issue on appeal is whether this action was prematurely brought against Aetna. Plaintiff contends the bond and the contract it secures must be read as one instrument so that plaintiff may proceed against defendant and Aetna. Accordingly, it is argued, the obligation of defendant as the contractor becomes the obligation of Aetna as the surety and the right to recover damages from both attaches at the time of the breach of contract even though plaintiff never performed corrective work.

Aetna contends its dismissal was proper as the only obligation Aetna has under the bond is fully to reimburse plaintiff for outlay and expense. Plaintiff has not sought to correct the alleged deficiencies and has incurred no such expense.

■ ■ It is incumbent upon this court to note that "[a] cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover." (*Walker v. Rumer* (1978), 72 Ill. 2d 495, 502, 381 N.E.2d 689.) In addition, as the judgment in the instant case "was entered upon allowance of defendant's motion to dismiss, all facts properly pleaded in the complaint must be taken as true." *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790; *Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375, 375 N.E.2d 1280.

■■ Strong authority supports the proposition that a construction bond and the contract it secures must be read as one instrument. When the bond incorporates the contract by reference, as in the instant case, the provisions of the contract become the provisions of the bond. (See *Board of Education v. Barracks* (1924), 235 Ill. App. 35, 46.) In *Board of Local Improvements v. St. Paul Fire & Marine Insurance* (1976), 39 Ill. App. 3d 255, 350 N.E.2d 36, in ascertaining the true meaning of a contractor's bond, this court referred to the construction contract. The same principle has been stated by numerous reviewing courts in other jurisdictions. *Dealers Electrical Supply v. United States Fidelity & Guaranty Co.* (1977), 199 Neb. 269, 275-76, 258 N.W.2d 131, 134; *Riley Construction Co. v. Schillmoeller & Krofl Co.* (1975), 70 Wis. 2d 900, 905, 236 N.W.2d 195, 198; *Amelco Window Corp. v. Federal Insurance Co.* (1974), 127 N. J. Super. 342, 347, 317 A.2d 398, 401; *West Durham Lumber Co. v. Aetna Casualty & Surety Co.* (1971), 12 N. C. App. 641, 644, 184 S.E.2d 399, 402; *Acoustics, Inc. v. Hanover Insurance Co.* (1971), 118 N. J. Super. 361, 364, 287 A.2d 482, 484; *Gordy v. United Pacific Insurance Group* (1966), 243 Cal. App. 2d 445, 448, 52 Cal. Rptr. 438, 439; *Continental Casualty Co. v. Hartford Accident & Indemnity Co.* (1966), 243 Cal. App. 2d 565, 568, 52 Cal. Rptr. 533, 535; *Paisner v. Renaud* (1959), 102 N. H. 27, 29, 149 A.2d 867, 870.

The difference between the legal positions of the litigants here may shortly be stated. Plaintiff takes the position that the bond and the contract before us, construed together, constitute an agreement for completion of the work by defendant which is guaranteed by Aetna. Aetna urges that the bond is simply an indemnity bond so that plaintiff must actually incur outlays and expense before action may be brought on the bond by plaintiff.

■■ In our opinion, the logic of plaintiff's position appears from the instruments themselves and from a large number of decided cases. To

begin with Article 2B of the contract requires defendant to "correct any defects due to faulty materials or workmanship * * *." Article 6 of the contract provides that defendant as contractor should furnish plaintiff "assurance of completion of the work in the form of bonds for performance and payment in the amount of $603,892." The bond itself is entitled "Performance Bond—Dual Obligee." The bond and the contract each refers directly to the other. The condition of the bond is that Aetna as surety agrees to "fully indemnify and save harmless" plaintiff in connection with performance of the contract by the defendant-contractor. It is correct, as Aetna points out, that the bond also provides that Aetna would "fully reimburse and repay Obligees all outlay and expense * * *." However, these two clauses of the bond are joined by the conjunctive "and." Therefore, Aetna, as surety, is not obligated to perform either one or only one of the conditions but it is required to perform both.

Furthermore, as shown by the authorities above cited, the bond and the construction contract are not independent of each other. They must be examined and considered as one instrument. In *Dealers Electrical Supply v. United States Fidelity & Guarantee Co.* (1977), 199 Neb. 269, 273, 258 N.W.2d 131, 134, the court pointed out that the bond there was not only an indemnification to the owner against loss but was "also further conditioned on the contractor performing and fulfilling all the conditions of the contract." A bond that secures performance of the contract as well as holding the owner harmless against loss is not simply an indemnity bond. *Dealers Electrical Supply v. United States Fidelity & Guarantee Co.* (1977), 199 Neb. 269, 272, 258 N.W.2d 131, 134.

■■ In cases of the type before us where the bond not only indemnifies the obligee against loss but also in effect guarantees the performance of the contract, the obligation of the contractor in legal effect becomes the obligation of the surety and the obligee need not actually incur expense or correct deficient performance of the contract in order to be entitled to recover against the surety. See *Six Companies of California v. Joint Highway District No. 13* (9th Cir. 1940), 110 F.2d 620, 621; *Board of Education v. Maryland Casualty Co.* (3d Cir. 1928), 27 F.2d 20, 21; *Wills v. Peace Creek Drainage District* (5th Cir. 1925), 4 F.2d 519, 520; *City of Reading v. United States Fidelity & Guaranty Co.* (E.D. Pa. 1937), 19 F. Supp. 350, 352; *Prudence Co. v. Fidelity & Deposit Co.* (S.D. N.Y. 1934), 7 F. Supp. 392, 396; *Nueces County v. Fletcher & Co.* (Tex. Civ. App. 1944), 181 S.W.2d 970, 971; *Charles City v. Rasmussen* (1930), 210 Iowa 841, 843-44, 232 N.W. 137, 138.

As stated in *Wills v. Peace Creek Drainage District* (5th Cir. 1925), 4 F.2d 519, 520:

"We are of the opinion that the plaintiff was not bound, as a

condition precedent to recovery by it on the bond, to complete the work which the contractors had agreed to do. * * * The bond was given to secure plaintiff's contract right and to indemnify it against loss and damage. That plaintiff's right to recover is not dependent upon completion of the work which the contractors obligated themselves to do is well settled."

The cases relied upon by defendant are readily distinguishable from the instant case. In *Searles v. City of Flora* (1906), 225 Ill. 167, 80 N.E. 98; *Corn Belt Bank v. Maryland Casualty Co.* (1935), 281 Ill. App. 387, and *City of Herrin v. Stein* (1917), 206 Ill. App. 339, recovery of damages under the provisions of surety bonds was denied to third parties who were not named in the contracts or the bonds so that there was no showing of an intention to protect them and no provision for their protection. (See *Searles v. City of Flora* (1906), 225 Ill. 167, 170-71; *Corn Belt Bank v. Maryland Casualty Co.* (1935), 281 Ill. App. 387, 393, and *City of Herrin v. Stein* (1917), 206 Ill. App. 339, 342-44.) In *Board of Local Improvements v. St. Paul Fire & Marine Insurance* (1976), 39 Ill. App. 3d 255, the court denied recovery for rental of heavy construction equipment. This type of item was not within the provisions of the bond or the contract it secured.

Able counsel for Aetna depends upon *Board of Local Improvements v. St. Paul Fire & Marine Insurance* (1976), 39 Ill. App. 3d 255, and *Corn Belt Bank v. Maryland Casualty Co.* (1935), 281 Ill. App. 387, as support for the contention that a surety should not be held beyond the express terms of his undertaking and liability of a surety may not be extended by mere implication. In our opinion, the liability of the surety here is not predicated upon implication or upon extension by construction. On the contrary, as above pointed out, the liability arises from the established legal meaning of the express language of the bond and the contract. The case here would be no different if plaintiff had brought suit only against the defendant contractor for failure properly to complete the work and, in event of recovery there, had later proceeded against the surety on the bond.

Plaintiff's complaint against Aetna prayed for allowance of punitive damages. Aetna's brief in this court urged that allowance of punitive damages is not proper in an action for breach of contract. Plaintiff's reply brief responded to this argument. The motion of Aetna to strike plaintiff's complaint raises no issue concerning punitive damages. Aetna filed a memorandum in support of its motion taking the position that the action was premature as above considered and that the claim for punitive damages was improper. The order allowing the motion of Aetna to strike plaintiff's complaint does not specify the grounds upon which the trial court acted.

In our opinion, the issue of damages, if any, should be determined by the trial court after all of the evidence has been heard. The trial court will undoubtedly decide the issue of allowance of damages not only on the evidence but also after consideration of pertinent legal authorities such as *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373, *appeal denied* (1978), 71 Ill. 2d 602; *Illinois Sterling, Inc. v. KDI Corp.* (1975), 33 Ill. App. 3d 666, 670-71, 338 N.E.2d 51; *Ledingham v. Blue Cross Plan For Hospital Care* (1975), 29 Ill. App. 3d 339, 350, 330 N.E.2d 540; *Wallace v. Prudential Insurance Co. of America* (1973), 12 Ill. App. 3d 623, 629-30, 299 N.E.2d 344; *Alsip Homebuilders, Inc. v. Shusta* (1972), 6 Ill. App. 3d 65, 68-69, 284 N.E.2d 509; *Ash v. Barrett* (1971), 1 Ill. App. 3d 414, 418, 274 N.E.2d 149, and such other additional authorities as may be cited by the parties. In addition, the trial court should consider possible application to this situation of section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 767).

The judgment appealed from is accordingly reversed and the cause is remanded to the trial court for further proceedings consistent with the above opinion.

Reversed and remanded with directions.

McGLOON and O'CONNOR, JJ., concur.